2600.  MOORE *v.* MACON RAILWAY & LIGHT·CO.

Where a case tried in a justice's court is controlled by an issue of fact, and the evidence on this issue is conflicting, and such as would sustain a verdict either way, and the judge of the superior court, on certiorari, grants a new trial, this court never interferes with the exercise of that discretion.

DECIDED FEBRUARY 15, 1911.

Certiorari; from Bibb superior court—Judge Felton.  January 25, 1910.

*S. W. Hatcher,* for plaintiff.  *C. A. Glawson,* for defendant.

POWELL, J.   The case was tried before a jury in a justice's court, and brought to the superior court on certiorari.  Only an issue of fact was involved.  The evidence was sufficient to authorize the jury to find in favor of either party.  In such cases the judge of the superior court has full power to pass upon the facts, and either to overrule the certiorari or to grant a new trial, accordingly as he thinks the evidence preponderates one way or the other.  The time-honored rule is that in such cases the reviewing court no more in-terferes with the discretion of the trial judge over the facts on certiorari than it does when the facts are before him on motion for new trial.  There is an intimation in the record and a statement in the brief of counsel for the plaintiff in error that there had been other concurrent verdicts in favor of the plaintiff, which had been set aside on previous certioraries.  If it appeared definitely from the record that the judge had sustained previous certioraries, thus diminishing his discretion, it might be incumbent upon us to look further into the facts to see whether he had abused that discretion or not.                                          *Judgment affirmed.*