### 15965.   INTEGRITY MUTUAL CASUALTY CO. *et al. v.*
### HANKINS.

1. Where an application for an award of damages is made to the industrial commission of Georgia, questions not raised when the case is heard by one of the commissioners, or on appeal to the full commission, can not be raised for the first time on appeal to the superior court.

2. "Upon a review of an award made by the industrial commission under the provisions of the Georgia workmen's compensation act, the commission's findings of fact are, in the absence of fraud, conclusive, provided there is any evidence to support the award.   Ga. L. 1920, p. 199.   With respect to the sufficiency of the evidence to support it, such an award stands in this court upon the same footing as the verdict of a jury approved by the trial judge in other cases." *London Guarantee & Accident Co.* v. *Shockley,* 31 *Ga. App.* 762 (1) (122 S. E. 99).

DECIDED JANUARY 13, 1925.   REHEARING DENIED FEBRUARY 11, 1925.

Appeal; from Jefferson superior court—Judge Hardeman.   September 29, 1924.

Cranston Hankins applied to the State industrial commission for an award for an injury received by him while he was employed by the Macon Cooperage Company, and named the Integrity Mutual

Casualty Company as the insurance carrier. Commissioner Kilburn heard the evidence and rendered an award in favor of the applicant. On appeal to the full commission, this finding was, upon a review of the evidence, affirmed. An appeal to the superior court of Jefferson county was allowed, and upon a hearing thereon by Judge Hardeman the finding of the full commission was affirmed. A writ of error was then sued out to review his judgment.

*Harry L. Greene, McDaniel & Neely,* for plaintiff in error.

*Hardeman & Hardeman,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) · 1. In the application for an appeal to the superior court the insurance carrier complains that the commission erred in holding that although Cranston Hankins was "mentally incompetent, it was not necessary for him to prosecute his claim by or through a guardian or trustee as provided in section 47 of the Georgia compensation law." However, it does not appear that this question was raised on the hearing before Commissioner Kilburn or when the case was before the full commission; so this question is not properly before this court for consideration.

2. The only question which we are called upon to determine is whether there is sufficient competent evidence in the record "to warrant the industrial commission in making the order or decree complained of." In his order affirming the award of the commission Judge Hardeman said: "I have reviewed carefully the record, and I am of the opinion that the facts found by the commission are sufficient and ample to support the award." With this conclusion this court agrees. In *New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682 (118 S. E. 786), Judge Bell said (p. 686) : "The findings of the commission on questions of fact, if supported by any evidence, are conclusive. See section 59 of the workmen's compensation act (Ga. L. 1920, p. 198)." It is well settled in this State that "when a verdict approved by the trial judge is supported by any evidence, this court will not disturb it because of alleged insufficiency of evidence." *Heaton* v. *Puckett,* 31 *Ga. App.* 526 (121 S. E. 240). Granting that in such a case as this the judge of the superior court, in passing on the facts of the case on appeal, could exercise his discretion, when he has done this and affirmed the decision of the industrial commission, and there is any evidence to support the award, this court, under the principle au-

nounced in the foregoing decisions and the one cited in the second headnote, is powerless to interfere. See also *American Mutual Liability Ins. Co.* v. *Adams,* 32 *Ga. App.* 759.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*