### 16878.   UNITED STATES FIDELITY & GUARANTY COMPANY v. CHRISTIAN.

JENKINS, P. J.   1. "Where an application for an award of damages is made to the industrial commission of Georgia, questions not raised when the case is heard by one of the commissioners, or on appeal to the full commission, can not be raised for the first time on appeal to the superior court." *Integrity Mutual Casualty Co.* v. *Hankins*, 33 *Ga. App.* 339 (126 S. E. 554). Accordingly, where the commissioner has jurisdiction of the subject-matter, and the question as to the venue in which he heard the case is for the first time raised in the superior court, on appeal of the parties raising the question, this court will treat the question as having been waived by them, and will not pass upon it. The same rule applies as to the character of employment, where liability for the accident was admitted before the commission and the court, and the sole contention made was whether death resulted therefrom.

2. The objection that the appeal to the full commission was not taken within the time prescribed by law is not sustained by the record.

3. " 'Upon a review of an award made by the industrial commission under the provisions of the Georgia workmen's compensation act, the commission's findings of fact are, in the absence of fraud, conclusive, providing there is any evidence to support the award. Ga. L. 1920, p. 199. With respect to the sufficiency of the evidence to support it, such an award stands in this court upon the same footing as the verdict of a jury approved by the trial judge in other cases.' " *Integrity Mutual Casualty Co.* v. *Hankins*, supra; *Maryland Casualty Co.* v. *England*, 160 *Ga.* 810 (129 S. E. 75). The evidence submitted in each of the hearings fully authorized a finding that the death of the plaintiff's

Workmen's Compensation Acts, C. J. p. 121, n. 24 New; p. 122, n. 40.

husband was occasioned by an injury arising out of and in the course of the decedent's employment.

    *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 20, 1926. REHEARING DENIED JUNE 15, 1926.

Appeal; from Fulton superior court—Judge Bell. September 29, 1925.

STATEMENT OF FACTS BY JENKINS, P. J.

Mrs. M. L. Christian filed a claim before the industrial commission of Georgia against Puritan Chemical Company, as the employer of F. A. Christian, her deceased husband, and against the United States Fidelity and Guaranty Company, the insurance carrier, for compensation under the Georgia workmen's compensation act, on account of the death of F. A. Christian from an alleged injury. The claim was tried first before Dr. George A. Paulk, sole commissioner, who rendered a decision adverse to the claimant on April 14, 1925. The claimant, on April 21, 1925, filed an application for a review before the full commission, and on July 28, 1925, the full commission rendered an award in her favor, thereby reversing the decision of the sole commissioner. On July 31, 1925, the commission entered an order allowing to the losing parties an appeal to the superior court of Fulton county. On September 29, 1925, the award of the full commission was affirmed by the superior court. The plaintiffs in error except to this judgment.

The record of the hearing before the sole commissioner shows that Mr. George G. Reid appeared for the insurer. In a preliminary statement before the commissioner Mr. Reid said: "The first we knew of this accident was when Mr. Christian was sent to our office by the Puritan Chemical Company, of which we are the insurance carriers. We sent him immediately to Dr. Hames, and he was treated by Dr. Hames. We paid him compensation in the amount of $29.35, at the rate of $15 per week, as he was earning more than $30 per week. . . The Puritan Chemical Company have a manufacturing establishment on Peters street, and they were making alterations, and engaged several carpenters for just a day or two,—what we term 'casual employees;' and Mr. Christian was engaged on an hourly basis, and he worked a short while, and then the accident occurred." By the commissioner: "You don't admit that the accident grew out of and in the course of employment?" By Mr. Reid: "No, sir. My one contention is that it did not arise out of and in the course of employment. We admit

liability for the accident, but deny that the death was the result of the accident; it had no connection with it. We waived that point on the temporary total." There was ample evidence to authorize the finding that the death of plaintiff's husband was directly occasioned by the injury. No question was made before the sole commissioner or the full commission as to the lack of jurisdiction of the sole commissioner to hear the claim in a county other than that in which the accident occurred, but it appears from the bill of exceptions that this question was raised in the superior court. No question was made before the full commission as to failure to make within seven days the application for review before the full commission, but it appears from the bill of exceptions that this question was raised in the superior court, although the copy of the appeal as embodied in the record itself indicates that the "application for review was made to the commission within" the time prescribed.

*Bryan & Middlebrooks,* for plaintiffs in error.

*J. I. Hynds, Hugh Howell,* contra.

### ON MOTION FOR REHEARING.

JENKINS, P. J. The plaintiff in error filed a motion for rehearing in this case, contending that this court overlooked the fact that the award of the full commission, complained of by the movant, fails to make a definite finding of fact that the decedent died as a result of an accidental injury arising out of and in the course of his employment, covered by the insurance. The award of the full commission is as follows: "This case came before the full commission on appeal from the award of Commissioner Paulk, made on April 14, 1925. F. A. Christian, the employee, was injured on December 9, 1924, from which he was disabled for several days. The insurance carrier paid compensation in the sum of $29.35, covering the period of disability. Mr. Christian then returned to work for a short while, and died on January 14, 1925. Commissioner Paulk stated in his award that the medical testimony was very indefinite as to showing that the death was the result of the accident, and found that the death was not the result of the accident. The commission can not agree with his findings. A review of the evidence shows that F. A. Christian died from intestinal trouble, and, from the evidence in the case, there is no question in the mind of the commission but that the injury re-

ceived by Mr. Christian initiated and aggravated the condition that caused his death. We find that F. A. Christian died as a result of the accidental injury sustained by him on December 9, 1924. The award of Commissioner Paulk is reversed, and the full commission orders that the Puritan Chemical Company and the U. S. Fidelity & Guaranty Company pay to Mrs. M. L. Christian, widow of the deceased employee, compensation weekly at the rate of $12.75 per week, beginning the date of the last payment of compensation made to Mr. Christian and continuing for not more than three hundred weeks from the date of the accident. The employer and insurance carrier will also pay the total reasonable medical expense incidental to Mr. Christian's last sickness and also the funeral expenses, not to exceed $100. All the commissioners concur." Movant cites the case of *Southeastern Express Co.* v. *Edmondson,* 30 *Ga. App.* 697 (119 S. E. 39), in which this court held as follows: "It is provided by section 57 of the act that 'The award, together with a statement of the findings of fact and other matters pertinent to the questions at issue, shall be filed with the record of the proceedings.' The statement of the findings of fact and the commission's order take the respective places of the verdict and judgment rendered in an ordinary case. The order must be supported by the findings, and each, as against proper assignments, must be warranted by sufficient competent evidence. The findings of fact made by the commission within its power are, in the absence of fraud, conclusive, but, of course, the commission would have no power to make a finding of fact entirely without evidence. See section 59. A statement of the findings is necessary in order that the losing party may intelligently prepare his appeal and that the cause may thereupon be intelligently reviewed. This requirement contemplates a concise but comprehensive statement of the cause and the circumstances, or controlling facts, of the accident as the commission shall find it in truth to have occurred. . . . It is not enough to state, merely as a conclusion, in the language of the statute, that the injury is found to have arisen out of and in the course of the employment. . . It seems, however, that if there is no sufficient statement by the commission of its findings, it is not for that reason required absolutely that the case shall be remanded for a rehearing de novo, but it may be merely recommitted, in order that the commission may state its findings upon the evi-

dence previously taken. . . But even this may not be necessary in a case where the facts as disclosed by the record are undisputed. . . A repetition of the evidence heard is not a compliance with the act, because it is the duty of the commission to weigh the evidence and to declare what it finds to be the truth. Some of the witnesses might make a case demanding compensation, while the evidence of others might demand just the opposite. A mere narrative of conflicting testimony would leave it impossible for a reviewing court to determine whether the truth of the transaction as conceived by the commission would support its decree. . . In what is considered the statement of findings and the award in the instant case is included a narration of the testimony of the various witnesses. The testimony is required to be shown in the transcript, but we do not think that the needless repetition of it in connection with the findings and the award will vitiate either, if the findings are otherwise sufficiently stated." In the same opinion the court says: "Notwithstanding what we have said in regard to the essentials of the required statement, it must be remembered that legal precision and nicety in the report should not be insisted upon."

As was suggested in the *Edmondson* case, it would not seem necessary to set forth findings upon questions of undisputed facts. It will be observed that the finding of the commission distinctly set forth that the accidental injury met with by the deceased employee was the occasion of his death. This, under the solemn admission in judicio by the movant, was the only issue involved. The record shows the statement by the movant in judicio that "we admit liability for the accident, but deny that the death was the result of the accident." It follows from what has been said that the finding of the commission was full and complete upon the only issue of fact involved; and it can not be attacked for failing to include a finding upon a question that the movant itself concedes involved no issue of fact.

Upon the other question, which seems to some extent contemplated by the contentions set forth in the motion, to wit, "It does not appear from the record in the case that Commissioner Paulk, the single commissioner who heard the case and who rendered an award, had jurisdiction to render an award in said case, for the reason that it does not appear that his hearing of the case was

held in the county in which the alleged accident occurred, as provided by law," as stated by the movant himself, the appeal to the full commission was a de novo trial; but even if it were possible, on an appeal from an award made by the full commission, to go back and test the venue of the case when previously heard by the single commissioner, which in point of fact was in his favor, we think the ruling made in the syllabus is sound, and that when the point is made for the first time, on the appeal to the superior court, it will be presumed that any question as to the venue of the trial before the single commissioner was agreed to between the parties, which section 56 of the act specifically provides may be done.

*Rehearing denied. Stephens and Bell, JJ., concur.*