17883, 17884.  UNITED STATES FIDELITY AND GUARANTY COMPANY *et al.* v. WASHINGTON; and *vice versa.*

JENKINS, P. J.  1. Except where the workmen's compensation act specifically creates a presumption of dependency in favor of named classes, the question of dependency is one of fact rather than of law. Under that act a boy under the age of eighteen or a girl under the age of eighteen is conclusively presumed to be wholly dependent for support upon a parent. The same presumption arises in favor of a child over the age specified who is shown to be physically or mentally incapacitated from earning a livelihood. Ga. L. 1920, p. 189, § 39(c). In the instant case, the claimant being more than eighteen years of age, there was no original legal presumption of dependency upon the deceased parent, and while there was evidence tending to show such mental incapacity as would prevent the claimant from earning a livelihood, it did not demand a conclusion of such incapacity so as to give rise to the presumption of total dependency. Accordingly, even though it be assumed that the claimant, living with her parent, would, though a widow, be entitled to the conclusive presumption of total dependency upon her parent upon its being shown that her mental deficiency prevented her from earning a livelihood, the evidence was not such as to establish conclusively such a presumption in her favor so as to demand a finding of total dependency, as a matter of law, under the presumption of the statute, nor does the evidence demand a finding of total dependency as a matter of fact. Such being the case, the finding of the industrial commission against total dependency can not be disturbed, and the cross-bill of exceptions of the claimant is without merit. *Ocean Accident &c. Corp.* v. *Council,* 35 *Ga. App.* 632 (134 S. E. 331).

2. The undisputed evidence clearly indicates a state of partial dependency by the claimant upon the deceased employee, her father, but the testimony, while indicating contributions to her support in some manner and to some extent, entirely fails to show their amount or value, and since, under the terms of the compensation act, the weekly compensa-

---

Workmen's Compensation Acts—C. J. p. 55, n. 23; p. 56, n. 24; p. 115, n. 37; p. 122, n. 40; p. 125, n. 68.

tion of those partially dependent "shall be in the same proportion to the compensation for persons wholly dependent as the average amount contributed weekly by the deceased to the partial dependents bears to his average weekly wages at the time of his injury" (Ga. L. 1920, p. 187, § 38(c)), the evidence introduced did not afford a basis on which an award in favor of the claimant could have been rendered, and the judge of the superior court reviewing the case might, without committing error, have approved the judgment actually rendered refusing an award. *Austin Brothers Bridge Co.* v. *Whitmire*, 31 *Ga. App.* 560 (121 S. E. 345).

3. However, since the evidence disclosed by the record conclusively shows a state of partial dependency on the part of the claimant, the finding of the industrial commission, that the claimant "was not a dependent, and therefore not entitled to compensation," was unauthorized. In view of the contributions made to her by her deceased parent, she was entitled to compensation in some undisclosed amount, and since, under the workmen's compensation act, § 59, the judge of the superior court, in reviewing the findings of the commission, has power to "recommit the controversy to the commission for further hearing or proceedings in conformity with the judgment and opinion of the court," the action of the judge of the superior court in recommitting the case for another hearing, in an effort to ascertain the amount of compensation to which the partially dependent claimant is actually entitled, will not be disturbed. *Austin Brothers Bridge Co.* v. *Whitmire*, supra.

*Judgment affirmed on the main bill of exceptions and on the cross-bill. Stephens and Bell, JJ., concur.*

DECIDED JULY 14, 1927. REHEARING DENIED SEPTEMBER 9, 1927.

Appeal; from Chatham superior court—Judge Meldrim. December 8, 1926.

*Lawrence & Abrahams,* for plaintiffs in error in main bill of exceptions.

*Ulmer & Dowell,* contra.