*John I. Kelley,* for plaintiff.   *B. H. Hill,* for defendant.

19386.   WASHINGTON *v.* UNITED STATES FIDELITY & GUARANTY CO. *et al.*

DECIDED MARCH 6, 1929.

*Ulmer & Dowell,* for plaintiff.

*Lawrence & Abrahams,* for defendants.

BLOODWORTH, J.   Kent Green was killed in an accident arising out of and in consequence of his employment by the Southern States Phosphate & Fertilizer Company.   Compensation insurance was carried by said employer with the United States Fidelity & Guaranty Company.   A claim was filed with the industrial commission of Georgia on behalf of Amelia Washington, who was over fourteen years of age, but who was alleged to be physically and mentally incapacitated from earning a livelihood.   The first hearing was before Commissioner Norman, who refused compensation to the applicant, holding that "Amelia Washington was not a dependent and therefore not entitled to compensation."   The full commission sustained the decision of Commissioner Norman, but on appeal to the superior court of Chatham county Judge Meldrim, with the statement that "Grant that the claimant was not wholly dependent on the deceased, she was beyond question partially dependent upon him.   In such cases she shall receive proportionate compensation," recommitted the case to the industrial commission "for further hearing on the question of the amount to be paid the claimant under the law as provided in the workmen's compensation act codified in 11 Park's Code Supp. 1922, § 3154 (11) (c)." Ga. L. 1922, p. 191, § 38 (c).   The case then came to this court.   For the opinion then rendered see 37 *Ga. App.* 140 (139 S. E. 359).   The second hearing was before Commissioner Stanley, and the evidence

before him was practically the same as on the first hearing, so far as the main issues are concerned; and is so nearly the same as to make the previous ruling of this court, that "the undisputed evidence clearly indicates a state of partial dependency by the claimant upon the deceased employee, her father," and that "the finding of the industrial commission against total dependency can not be disturbed," res adjudicata. Upon the hearing before Commissioner Stanley he held that Kent Green, the father of the applicant, "would have been entitled to compensation at the rate of $8.25 per week, and a total dependent would be entitled to compensation at the rate of $7.01 per week. A partial dependent having received 29% of the deceased's wages is entitled to 29% of what a total dependent would receive," and he awarded to the applicant "$1.58 per week, beginning March 18th, 1926, and continuing for not more than three hundred weeks." The full commission affirmed the finding of Commissioner Stanley. On appeal to the superior court of Chatham county from this finding, Judge Meldrim affirmed the award of the industrial commission. The issues in this case are clearly of fact, and the finding of the commission was approved by the judge of the superior court. Each issue has evidence to support it, and "the findings of the industrial commission on questions of fact, if supported by any evidence, are conclusive." *American Mutual Liability Insurance Co.* v. *Adams,* 32 *Ga. App.* 759, 760 (124 S. E. 801); *U. S. Fidelity & Guaranty Co.* v. *Christian,* 35 *Ga. App.* 326 (3) (133 S. E. 639); *Ocean Accident & Guaranty Corp.* v. *Council,* 35 *Ga. App.* 632 (2) (134 S. E. 331); *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810, 813 (129 S. E. 75).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*