21264. CALDWELL v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY et al.

STEPHENS, J. Where, on the hearing of a claim for compensation before one of the members of the industrial commission, it was, on motion of counsel for the claimant, ordered that the claimant be examined by a physician who was not present at the hearing, as provided in section 62 of the workmen's compensation act, but where counsel for the employer and the insurance carrier did not waive the right to subject the physician to cross-examination, and "did not agree for the report to come in until after they had examined it, with the view of determining whether they wished to cross-examine," and where the physician appointed afterwards examined the claimant and made a written report of the examination, which was sent to the industrial commission, and the report, which was favorable to the claim for compensation, was considered by the commissioner in making an award of compensation, and where it does not appear that counsel for the employer and the insurance carrier had an opportunity to subject the physician to cross-examination, the exception to the award in an appeal to the full commission, upon the ground that the award was contrary to law because the physician had not been subjected to cross-examination, was meritorious. The judge of the superior court did not err in reversing the award of the full commission affirming the award of the sole commissioner, and in setting the award aside.

Judgment affirmed. Jenkins, P. J., and Bell, J., concur.

DECIDED FEBRUARY 27, 1932.

Porter & Mebane, for plaintiff.
McDaniel, Neely & Marshall, Harry L. Greene, for defendants.