23334, 23335. GREAT ATLANTIC AND PACIFIC TEA COMPANY *v.* WILSON; and *vice versa.*

DECIDED NOVEMBER 11, 1933. REHEARING DENIED NOVEMBER 27, 1933.

*Bryan, Middlebrooks & Carter, John A. Dunaway, Yantis C. Mitchell,* for plaintiff in error.

*Carpenter & Ellis,* contra.

GUERRY, J. This is a workman's compensation case. On February 13, 1933, T. E. Whitaker, director of the Department of Industrial Relations, made an award in favor of Mrs. Jennie Clements Wilson against the Great Atlantic and Pacific Tea Company, as the employer of her husband, the deceased. From this award the employer appealed to the superior court. On the 5th day of May, 1933, the judge of the superior court entered a judgment affirming the award of the director. Exceptions were taken to this judgment and the case was brought to this court for review. The evidence is without dispute that the employee died. The cause and nature of his death will be discussed later in this opinion. The evidence discloses that the deceased 'was employed by the Great Atlantic and Pacific Tea Company as manager of the meat department in one of their stores. In some manner, in the month of January, 1930,

the deceased acquired on his left hand an abrasion or cut. There was no direct evidence as to where or the exact time the injury occurred, or that it occurred while in the course of his employment. The evidence on this particular feature of the case was given by the claimant, his wife, who testified that about a week or ten days before the deceased's first visit to the doctor he left for work one morning without any cuts or abrasions on his hand, and that he returned home that night with the cut in question. It was shown by the claimant and other witnesses that his duties were those of a butcher, that in performing his duties he used sharp knives, meat cleavers and other sharp instruments incident to his employment; that he was, by nature, right-handed and that the injury appeared on his left hand. Other evidence in this connection was that the deceased lived three miles from his place of employment; that he drove a Ford car to work and that he ate dinner at a place near his work. The evidence discloses, without dispute, that the hand on which the cut appeared became infected and the deceased was sent to a doctor who diagnosed his trouble as tularemia. This diagnosis was confirmed by a report of the State Board of Health after examining a specimen of his blood. It was shown by the testimony of the doctors who treated the deceased that little is known of the disease called tularemia. It is, however, definitely known that the disease is communicated to human beings by wild rabbits. Mr. T. L. Wood, who was the manager of the store in which the deceased worked, swore that the store handled wild rabbits during rabbit season; that the month of January was during that season; that when they were handled the deceased was the only man that handled them except, perhaps, a few assistants that he was allowed during the week-end, and that after the deceased was taken ill he was served with notice by his superiors to discontinue the handling of wild rabbits. The brother of the claimant swore that he was a frequent visitor to this store and that he saw the deceased during the month of January and before that time handling rabbits. The deceased's period of illness lasted from January, 1930, until December, 1931. The first doctor who treated him diagnosed his case as tularemia. During the last months of his illness he was treated by another doctor, who testified that he had meningitis. Other doctors who treated him right before his death testified that the deceased had pneumoccocus and mastoiditis, and from an au-

topsy determined that this was the cause of his death. The first doctor testified that tularemia, which had as a secondary infection meningitis, was the cause of his death. All of the above evidence as set out excludes all testimony that was objected to as hearsay by counsel for defendant. The finding of the commissioner was as follows: "The director finds that W. A. Wilson sustained an accidental injury arising out of and in the course of his employment with the Great Atlantic and Pacific Tea Company in Fulton county, Georgia, on January 13, 1930, and, as a natural and unavoidable result of that accident, the infection of tularemia developed, followed by pneumonia, meningitis, and mastoditis, all of which finally resulted in the death of Wilson on December 16, 1932."

The first question that arises in this case is, does the evidence support the above findings of fact by the commissioner? We are, after a careful consideration of the evidence, of the affirmative opinion, and as a direct precedent for our opinion we cite the case of *Metropolitan Casualty Insurance Co.* v. *Crenshaw*, 44 *Ga. App.* 354 (161 S. E. 649). On referring to the record in that case we find a most striking similarity of facts between it and the case at bar. The facts in that case, briefly stated, were as follows: F. M. Crenshaw was employed by Green and Milam, who handled wild rabbits, and one of the duties of the deceased was to handle and look after these rabbits. A short time before he was taken sick he was seen to have small cuts and abrasions on his hands, although no one actually saw him injure his hand while at work. Among his duties was the handling of heavy barrels; and he died, in the opinion of the doctors, of tularemia. The court held as follows: "The evidence authorized a finding that the death for which compensation was sought under the workman's compensation act was caused by an accident arising out of and in the course of decedent's employment, there being evidence that his death was due to a disease called tularemia, contracted by handling and dressing dead rabbits in the course of his employment while he had abrasions on his hands caused by handling heavy boxes or barrels in the course of his employment, the germs of the disease entering his blood stream through the abrasions." However, if there were no such decision, we would still hold the opinion that there was some evidence to sustain the finding of the director, as a finding may be upheld on

indirect as well as direct evidence. The findings of the Department of Industrial Relations on questions of fact are conclusive, in the absence of fraud, if there is any evidence to support them. *Washington* v. *United States Fidelity & Guaranty Co.*, 39 *Ga. App.* 481 (147 S. E. 533) ; *Ocean Accident & Guaranty Corporation* v. *Council*, 35 *Ga. App.* 632 (134 S. E. 331), and cit. The legislature, in creating the industrial commission, made that body a final arbiter on questions of fact. It, in effect, took the place of a jury.

Plaintiff in error contends that there is no direct evidence that any accident happened to the deceased while in the course of his employment and that therefore there is no evidence to support the award. This we do not understand to be the law. Although we agree that there was no *direct* evidence of this fact, there was certainly *circumstantial* evidence to warrant the finding. Jenkins, P. J., in a special concurrence in the case of *Blanchard* v. *Savannah River Lumber Co.*, 40 *Ga. App.* 416 (149 S. E. 793), said: "In order to overturn its [the industrial commission's] findings, this court would have to say not only that there was no evidence, *direct or circumstantial* (italics ours), tending to contradict the testimony given in support of the theory advanced by the claimant, but that the claimant had indisputably proved his theory so plainly that no other rational conclusion would be justified." Luke, J., in *Royal Indemnity Co.* v. *Land*, 45 *Ga. App.* 293 (164 S. E. 492), quoted approvingly from Schneider's Workmen's Compensation Law (2d ed.), 1831-1832, § 523, as follows: "To prove that the death was accidental, it is not necessary to negative every other possibility, nor need the proof be direct and positive."

In conclusion, we are of the opinion, after reading many authorities and after a careful scrutiny of the evidence, that the commissioner was authorized to find that the deceased was injured by cutting his hand while in the course of his employment; that the disease of tularemia was contracted from rabbits handled in his place of work, and that such disease was the natural and unavoidable result of the accident and was the contributing cause of his death. See, in this connection, *United States Casualty Co.* v. *Smith*, 162 *Ga.* 130 (133 S. E. 851) ; *Royal Indemnity Co.* v. *Land*, supra; *Simmons* v. *Etowah Monument Co.*, 42 *Ga. App.* 633 (157 S. E. 260) ; *United States Casualty Co.* v. *Matthews*, 35 *Ga. App.* 526 (133 S. E. 875). This decision is made irrespective of any

38

hearsay testimony objected to by counsel for the defendant. The letting in of hearsay as evidence over objection of counsel, where the result is the same without such evidence, is not reversible error. *Davis* v. *Menefee,* 34 *Ga. App.* 813 (3) (131 S. E. 527).

■ This case was heard before the director of the Department of Industrial Relations in the State Capitol, in Fulton county. The evidence before the director disclosed that the place of employment of the deceased was at 437 Moreland avenue. Counsel for plaintiff in error insist that this court will take judicial cognizance of the fact that 437 Moreland avenue is in DeKalb county, and that the director was without jurisdiction to hear and determine the case in Fulton county. This question was first raised on appeal to the superior court. Counsel for plaintiff in error insist that the ruling made in *United States Fidelity & Guaranty Co.* v. *Christian,* 35 *Ga. App.* 326 (133 S. E. 639), does not apply, for the reason that there was no appeal in the case at bar from the finding of the director to the full board, but the appeal was taken from the director directly to the superior court. We can not agree with this contention, as to the meaning and construction of this rule of law. Defendant is given the privilege of appealing to the full board, and he can not escape the application of this law by appealing directly to the superior court. It is the raising of the question in the *superior court* for the first time that is prohibited. We think that when the defendant failed to raise the question before the director, and where he made no appeal to the full board, he waived this defense, and he can not raise it for the first time on appeal to the superior court. See, in this connection, *Integrity Mutual Casualty Co.* v. *Hankins,* 33 *Ga. App.* 339 (126 S. E. 554) ; *Ocean Accident & Guarantee Corporation* v. *Martin,* 35 *Ga. App.* 504 (134 S. E. 174). From the above ruling, we think the judge of the superior court was correct in affirming the award of the director.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Broyles, C. J., and MacIntyre, J., concur.*