### 22969. PRUITT *v.* OCEAN ACCIDENT & GUARANTEE CORPORATION *el al.*

STEPHENS, J. 1. Where, upon a hearing before a director of the Department of Industrial Relations, held to pass on an application for compensation after a settlement awarding compensation had been made, the employer and the insurance carrier appear and raise no question as to the jurisdiction of the director to make an additional award, upon the ground that the claimant had made no application for a hearing and that no application for a hearing had been filed within the time required, they waived any right to raise a question as to the jurisdiction of the director to make the award on the grounds, and can not raise the question afterwards for the first time either on appeal to the superior court or in the Court of Appeals. *Integrity Mutual Casualty Co.* v. *Hankins,* 33 *Ga. App.* 339 (126 S. E. 554); *United States Fidelity & Guaranty Co.* v. *Christian,* 35 *Ga. App.* 326 (133 S. E. 639); *Ocean Accident & Guarantee Cor.* v. *Martin,* 35 *Ga. App.* 504 (134 S. E. 174); *Great Atlantic & Pacific Tea Co.* v. *Wilson,* 48 *Ga. App.* 34 (171 S. E. 827).

2. Where an award of compensation is supported by sufficient competent evidence, it will not be set aside because of the admission of hearsay as evidence. *Davis* v. *Menefee,* 34 *Ga. App.* 813 (2) (131 S. E. 527); 2 Schneider's Workmen's Compensation Law, 1575, 1576; Peoria Cordage Co. *v.* Industrial Board of Illinois, 284 Ill. 90 (119 N. E. 996); *Caldwell* v. *American Mutual Liability Ins. Co.,* 45 *Ga. App.* 82 (163 S. E. 247), is distinguishable.

3. Where a diseased condition of an applicant for compensation, which existed at the time of the injury, is aggravated or caused to "flare up" as a result of the injury, and produces a disability which otherwise might not have existed as a result of the injury, the incapacity is caused by the injury, and where the accident arises out of and in the course of the employment, compensation will not be denied upon the ground that the disability is a result of the disease. Where at the time of receiving the injury,—a burn,—for which compensation is sought, the applicant was suffering from a diseased condition of the blood caused from erysipelas or syphilis, and where, as a result of the burn, this diseased condition was aggravated and caused a disability, the disability resulted from the injury. Where the injury arose out of and in the course of the employment, the applicant is entitled to compensation. 1 Schneider's Workmen's Compensation Law, 312; Gilcrest Lumber Co. *v.* Rengler, 109 Neb. 246 (190 N. W. 578, 28 A. L. R. 200); Cox *v.* Kansas City Refining Co., 108 Kan. 320 (195 Pac. 863), 19 A. L. R. 90, notes).

4. It appearing in this case, from the competent evidence adduced on the

hearing before the director of the Department of Industrial Relations, that the applicant for compensation had suffered from a burn received as a result of an injury which arose out of and in the course of his employment, and that any diseased condition of his blood due to erysipelas or syphilis which may have existed at the time of the accident was, as a result of the burn, aggravated, and he, as a result thereof, suffered a disability, the award will not be set aside because of the admission in evidence, over objection of the employer and insurance carrier, of a report of the State Board of Health which showed "negative" under a Wasserman test of the claimant's blood, which objection was that the report had not been identified by the person who made it and was hearsay. The award of the compensation by the director of the Department of Industrial Relations was supported by legally competent evidence, and it was error for the superior court to set the award as:de upon the ground that it was error to admit in evidence the report of the State Board of Health.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 16, 1934.

*Porter & Mebane,* for plaintiff.
*Wright & Covington,* for defendants.