26868.  MARTIN *v.* UNITED STATES FIDELITY AND
GUARANTY COMPANY *et al.*

60

DECIDED JUNE 9, 1938.

*McCullar & McCullar*, for plaintiff.

*Sibley & Allen, M. J. Yeomans, attorney-general, Dave M. Parker*, for defendants.

SUTTON, J. This is a writ of error to review the judgment of the superior court affirming an award of the Industrial Board. It appears from the record that the claimant, Eugene Martin, was injured by being dragged against the bank of a road by an automobile truck, on September 20, 1930, while working for W. S. Bibb. He filed a claim for compensation, and, on January 13, 1931, was awarded compensation for a period of seven weeks against his employer and the insurance carrier by the then Industrial Commission. The award was paid, and the claimant signed receipts therefor. On December 31, 1932, he filed another claim and asked for a hearing on the ground of a change in condition. After hearings and an examination of the claimant by a physician, a director, W. F. Slater, made an award denying compensation. This award was affirmed by the full board on December 5, 1933, and, on appeal to the superior court, the award by the board was affirmed on April 29, 1935. The award was to the effect that any disability that the claimant had at that time was not the result of the injury sustained on September 20, 1930. No appeal was taken from the judgment of the superior court affirming that award. On November 19, 1936, the claimant filed a second demand for a hearing, on the ground of a change in condition; and on June 16, 1937, he supplemented said demand with "a formal motion to reopen claim, review and consider original evidence, and determine law upon the merits, on grounds of newly discovered evidence, changed condition, fraud by defendants, fraud, dis-

qualification, and incompetency of directors of Department of Industrial Relations, failure to previously adjudicate claim by qualified full board, and failure to give claimant an opportunity to cross-examine defendants' witnesses upon which adverse decision was mainly predicated, to review the entire claim and to consider the same in connection with the adjudication of the present claim upon the ground of changed condition."

On August 4, 1937, after a number of hearings, a director, Harry E. Monroe, made an award denying compensation, in which, among other things, he said: "The record shows that after the claimant had signed the settlement receipt on January 17th, 1931, a hearing was had, based upon a change in condition, in Milledgeville on January 12th, 1933, and again on March 21st, 1933, after which former Director Slater issued an award on August 28th, 1933, in which compensation was denied upon the ground that there was no change in condition since the previous award of two and a half years past, and that claimant had no disability as a result of the accident. From this award of Director Slater the claimant, through his attorneys, entered an appeal to the full board; and the full board, on December 5th, 1933, made an award denying compensation, in which it was recited: 'On August 28th, 1933, Director Slater issued an award denying compensation on the ground that the present disability of the claimant was not the result of the injury received by him on September 20th, 1930.' Also further recited: 'The full board is of the opinion that there is ample evidence to sustain the decision of Director Slater, that the present disability is not the result of the injury claimed.' Also further recited: 'The employee received an award of compensation for eight weeks four months after the injury. He did not appeal from this award, and did not complain again for approximately two years. We are of the opinion that the evidence is not sufficient to connect the previous complaint of disability with the injury of 1930.' Also concluded with the following finding: 'The full board affirms the award of Director Slater denying compensation on the ground that any disability that Eugene Martin now has is not the result of the injury sustained on September 20th, 1930.' From this award of the full board the claimant filed an appeal to the superior court of Baldwin County. On April 29th, 1935, Hon. James B. Park, judge of said court, issued an order or judgment,

and among other recitals in said order appears the following: 'After full reading and consideration of the report of the Department of Industrial Relations in this case, I am satisfied that the decision rendered by said commission was the only legal decision that could be rendered under the law and facts of said case.' Also recited: 'Therefore it is ordered that the decision of the Department of Industrial Relations in this case be affirmed, with costs against the appellant, as provided by law.' From this latter judgment by Judge Park there was no appeal. . . The law in such cases as the one here presented is that when the Industrial Board holds that a claimant has no injury as a result of an accident, and that the disabilities of a claimant were not caused by the accident, the same is conclusive or res adjudicata and judicially determined, and precludes a claimant from additional compensation upon a change in condition. Such is the status of this claim, as it was so held by the hearing director and by the full board, as above referred to, and affirmed by the judge of the superior court. . . Under the law applicable to the case at bar, director finds as a matter of fact and concludes as a matter of law that the claim of Eugene Martin has been previously judicially determined and is res adjudicata, and that the Industrial Board is without jurisdiction in the matter." This award was affirmed by the full board on September 14, 1937.

The claimant appealed to the superior court, setting out a violation of all of the grounds of Code, § 114-710, and other grounds. He contended that "the industrial commission's findings had been based upon false and prejudicial testimony of Dr. Richard Binion, false testimony of Dr. C. W. Roberts, fraud, conspiracy, and incompetency of Industrial Board members, physicians, and insurance carrier," and set out that "the Department of Industrial Relations of Georgia having been abolished by the act of the legislature approved March 25, 1937 (Georgia Laws, 1937, pages 230-244), and the present Industrial Board not being legally constituted," he prayed that "the superior court assume jurisdiction and consider as an equitable action if necessary, review and set aside all of the acts of the industrial commission because of the fraud and misconduct involved, and order Slater, Stanley, Tucker, Monroe, Roberts, and Binion to come into court and answer and correct the wrongs committed." At the hearing the claimant volun-

tarily struck the name of Dr. Richard Binion; and on motion the court struck the names of Stanley, Tucker, Monroe, Slater, and Roberts from the action. On January 8, 1938, the judge of the superior court rendered a judgment affirming the award of the full board, and dismissing the petition. The claimant excepted to the ruling and the judgment just stated.

The court properly struck from the appeal the names of the doctor and the members of the Industrial Board. There is no provision of law whereby an appeal from an award of the Industrial Board can be converted into an original suit, either in law or equity; nor can new parties be added on an appeal to the superior court from such award. At neither hearing before the Industrial Board did the plaintiff make any attack on the legality of the act of March 25, 1937 (Ga. L. 1937, p. 230), the act under which the Industrial Board is now functioning; nor did he object to the power and authority of the members of this board to hear and determine said case; and he can not for the first time raise these questions in his appeal to the superior court. "Where an application for an award of damages is made to the Industrial Commission of Georgia, questions not raised when the case is heard by one of the commissioners, or on appeal to the full commission, can not be raised for the first time on appeal to the superior court." *Integrity Mutual Casualty Co.* v. *Hankins*, 33 *Ga. App.* 339 (126 S. E. 554). See also *U. S. Fidelity & Guaranty Co.* v. *Christian*, 35 *Ga. App.* 326 (133 S. E. 639); *Ocean Accident & Guarantee Corporation* v. *Martin*, 35 *Ga. App.* 504 (134 S. E. 174); *Great Atlantic & Pacific Tea Co.* v. *Wilson*, 48 *Ga. App.* 34 (2) (171 S. E. 827); *Pruitt* v. *Ocean Accident & Guarantee Corporation*, 48 *Ga. App.* 730 (173 S. E. 238). The Industrial Board has no authority, in the present proceeding, to review the award made on August 28, 1933, denying compensation to the claimant. That award was affirmed by the full board and by the judge of the superior court, and was not appealed from. *Sutton* v. *Macon Gas Co.*, 46 *Ga. App.* 299 (2) (167 S. E. 543). The director and, on review, the full board found as a matter of fact, and concluded as a matter of law, that the present claim of Eugene Martin had been judicially determined in the former proceeding wherein an award denying compensation was made on August 28, 1933, which was affirmed by the full board and then affirmed by a judgment of the

superior court on April 29, 1935, the latter judgment not being appealed from. We think this finding was authorized by the record. This case is controlled by *Ætna Life Insurance Co.* v. *Davis,* 172 *Ga.* 258 (157 S. E. 449), where it was held: "The Industrial Commission has not the power and authority, under section 45 or other provisions of that act, after a full hearing and rendition of an award denying compensation, to which no appeal is entered, to entertain another application by the employee, filed after the time provided in the act for entering an appeal, for compensation for the same injury, based upon an alleged change in the condition of such employee. Citing *Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613 (2) (123 S. E. 897); *United States Casualty Co.* v. *Smith,* 162 *Ga.* 130 (2), 134 (133 S. E. 851)." Let the judgment of the lower court be

*Affirmed. Stephens, P. J., and Felton, J., concur.*