### 27635. WHISENANT v. BOSTICK.

MacINTYRE, J. The defendant, Whisenant, appealed to the superior court from an award of the Industrial Board affirming the award of a director allowing the claimant, Bostick, compensation. The judge of the superior court denied the appeal and approved the award of the Industrial Board. *Held:*

1. Where the doctor who treated the claimant as his physician for over two months diagnosed an injury inflicted by a falling timber as of a certain character and seriousness, and another doctor, who examined the claimant once, diagnosed the injury differently, the claimant would not be conclusively bound by the evidence of the former doctor whose diagnosis was unfavorable to the contentions of the claimant. The question presented would be only that of the credibility of the witnesses.

2. The judge of the superior court did not commit error in not remanding the cause for additional evidence.

3. "That certain hearsay evidence might have been admitted over defendant's objection will not justify setting aside the finding in such a hearing which the statute provides 'shall be as summary and simple as reasonably may be.' Park's Code, § 3154(aaa) [Code of 1933, § 114-703]. The grounds on which the finding of the commission can be set aside are stated by the statute to be five grounds, as follows: '(1) That the industrial commission acted without or in excess of its powers. (2) That the order or decree was procured by fraud. (3) That the facts found by the industrial commission do not support the order or decree. (4) That there is not sufficient competent evidence in the record to warrant the industrial commission in making the order or decree complained of, or, (5) That the order or decree is contrary to law. No order or decree of the industrial commission shall be set aside by the court upon any grounds other than one or more of the grounds above stated. If not set aside upon one or more of such stated grounds, the court shall affirm the order, judgment, decree or decision of the commission so appealed from.' Park's Code, § 3154(ggg) [Code of 1933, § 114-710]." *Davis* v.

*Menefee,* 34 *Ga. App.* 813 (2) (131 S. E. 527); *Great Atlantic &
Pacific Tea Co.* v. *Wilson,* 48 *Ga. App.* 34 (171 S. E. 827); *Sears, Roe-
buck & Co.* v. *Griggs,* 48 *Ga. App.* 585 (173 S. E. 194); *Pruitt* v. *Ocean
Accident & Guarantee Corporation,* 48 *Ga. App.* 730 (173 S. E. 238).

4. Without considering the testimony objected to as hearsay, there was
ample evidence to support the award of the Industrial Board. The
judge of the superior court did not err in affirming the award allowing
compensation.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED NOVEMBER 13, 1939. REHEARING DENIED DECEMBER 19, 1939.

*Thomas E. McLemore,* for plaintiff. *C. E. Kay,* for defendant.