28217. EVANS v. NEW AMSTERDAM CASUALTY COMPANY et al.

DECIDED JUNE 10, 1940.

*C. B. McCullar,* for plaintiff.
*Powell, Goldstein, Frazer & Murphy,* for defendants.

FELTON, J. 1. In a hearing before the Industrial Board to determine whether there had been a change in condition of the claimant, where the only evidence as to whether or not there had been such a change was opinion evidence, this court is powerless to reverse findings of fact of the board when there is any legal evidence in the record to support their ruling, in the absence of fraud. In the instant case, no fraud being shown, and the evidence being sufficient to support the award, the judge of the superior court did not err in affirming the award of the director denying compensation for change in condition. *Ocean Accident & Guarantee Co.* v. *Farr,* 180 *Ga.* 266 (178 S. E. 728) ; *Home Accident Insurance Co.* v. *Thomas,* 41 *Ga. App.* 547 (152 S. E. 626).

2. This court will not set aside an award on the ground that the director, in making the award denying compensation on a claim based on change in condition, considered the report of a physician who had examined and treated the claimant's eyes shortly after the injury, which report stated that the injury to his eyes was not permanent, such examination and treatment having been made before the rendition of the first award granting compensation for temporary total disability, without giving the claimant an opportunity to

examine such medical report in order to determine whether he wished to cross-examine such physician relatively thereto, in that such report was not submitted to the claimant or his counsel, but was given by the physician to the insurance carrier and by it forwarded to the Industrial Board before the rendition of the award denying compensation. The facts contained in the report had no relation to any change in condition of the claimant, but related to his condition before the first award. Even if the director considered the report in rendering the award now complained of, no harm resulted therefrom to the claimant. The present case is clearly distinguishable from *Caldwell* v. *American Mutual Liability Insurance Co.*, 45 *Ga. App.* 82 (163 S. E. 247), relied on by the plaintiff.

3. No error of law appears from the record. The finding by the director that the claimant had not suffered a change in condition since the rendition of the previous award is supported by the evidence.

*Judgment affirmed.* *Stephens, P. J., and Sutton, J., concur.*