### 30970. HARTFORD ACCIDENT AND INDEMNITY COMPANY *et al. v.* HILLHOUSE.

DECIDED OCTOBER 6, 1945. REHEARING DENIED OCTOBER 25, 1945.

126

*T. Elton Drake,* for plaintiffs in error.

*Howell Brooke,* contra.

GARDNER, J.   The assignment of error is general to the effect that the record discloses that there is no competent evidence to support the award, and that there is no evidence "at all to support the very foundation of the award." The gist of this contention is based upon the ground that the director took into consideration hearsay testimony of Dr. Bailey, an employee of the Bell Aircraft Corporation in its clinic.   Dr. Bailey was not sworn as a witness. Dr. Brown, who was also an employee of the Bell Aircraft Corporation along with Dr. Bailey in the clinic, was sworn as a witness. On the day of the alleged injury, January 15, 1944, the claimant was sent to the clinic by his foreman.   When he arrived there, he was examined by Dr. Bailey, who made a record of his findings on the prescribed form.   Dr. Bailey was not sworn as a witness, nor was his report tendered in evidence, but Dr. Brown, who was sworn as a witness (for the employer and the insurer), was questioned at length by both the director and the attorney for the claimant concerning the contents of the report of Dr. Bailey, and Dr. Bailey's findings.   No objection was made during the entire hearing as to the admissibility of Dr. Bailey's findings and the evidence thereof.   Dr. Brown had this report of Dr. Bailey in court and referred to it in his testimony on behalf of the employer and the insurer.

The case of the *American Mutual Liability Insurance Company* v. *Kent,* 71 *Ga.* 453 (31 S. E. 2d, 81), cited and relied on by the employer and the insurer, is based upon the case of *Sisson* v. *American Mutual Liability Insurance Co.,* 71 *Ga. App.* 284 (30 S. E. 2d, 501).   The *Sisson* case was reversed by the Supreme Court in *American Mutual Liability Insurance Company* v. *Sisson,* 198 *Ga.* 623 (32 S. E. 2d, 295).

Even if the testimony in question was hearsay and was admitted

with or without objection, it would not require the setting aside of the finding of the State Board of Workmen's Compensation. Without considering this testimony, which the employer and the insurer contends was hearsay, there was evidence to support the award of the State Board of Workmen's Compensation. The judge of the superior court did not err in affirming the award of compensation. *Whisenant* v. *Bostick,* 61 *Ga. App.* 447 (6 S. E. 2d, 146) ; *Sears, Roebuck & Co.* v. *Griggs,* 48 *Ga. App.* 585 (173 S. E. 194).

*Judgment affirmed.  Broyles, C. J., and MacIntyre, J., concur.*