### 32053. MAYS *v.* GLENS FALLS INDEMNITY COMPANY *et al.*

DECIDED JUNE 18, 1948.

*Lucian J. Endicott,* for plaintiff.

*Hull, Willingham, Towill & Norman, C. L. Cowart,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.) "The fol-

lowing persons shall be conclusively presumed to be the next of kin wholly dependent for support upon the deceased employee: . . (c) A boy under the age of 18, or a girl under the age of 18, upon a parent. If a child is over the ages specified above, but physically or mentally incapacitated from earning a livelihood, he or she shall be presumed to be totally dependent. . . As used in this section, the terms 'boy,' 'girl,' or 'child' . . shall not include married children. . . If there is no person wholly dependent, payment shall be made to partial dependents. . . If there is more than one person wholly dependent, the death benefit shall be divided among them, and persons partially dependent, if any, shall receive no part thereof; . . The dependency of a child, except a child physically or mentally incapacitated from earning a livelihood, shall terminate with the attainment of 18 years of age." Code, § 114-414. The conclusive presumption of the statute that the minor daughter is wholly dependent upon the deceased employee until she attains the age of 18 years was applicable and controlling under the facts of the present case. See *Travelers Insurance Co.* v. *Williamson,* 35 *Ga. App.* 214, 219 (132 S. E. 265); *United States Fidelity & Guaranty Company* v. *Washington,* 37 *Ga. App.* 140 (139 S. E. 359). Under the evidence the mother was only a partial dependent on her son and Code § 114-414, provides that partial dependents are entitled to share in the award only where there is no one wholly dependent. The finding of the State Board of Workmen's Compensation was authorized under the law and facts, and the judge of the superior court did not err in affirming the award in favor of the daughter claimant.

*Judgment affirmed. Felton and Parker, JJ., concur.*