In a workmen's compensation case, an unmarried daughter of the deceased employee under the age of 18 is conclusively presumed to be wholly dependent upon the deceased employee by the provisions of the law, and is entitled to the full death benefits until she reaches the age of 18, to the exclusion of the mother of the deceased employee, when there is a finding by the State Board of Workmen's Compensation, supported by evidence, that the mother was only partially dependent upon the deceased employee, and the judge of the superior court did not err in affirming the award of the State Board of Workmen's Compensation.
 DECIDED JUNE 18, 1948.
Jennie Mays, mother of Jimmy Mays, deceased, and Dorothy Mays, his daughter, filed claims with the State Board of Workmen's Compensation against the Central Transfer Company, his employer, and its insurance carrier, Glens Falls Indemnity Company, on account of the death of Jimmy Mays. *Page 333 
There was a hearing before a single director in Atlanta on May 29, 1947. The daughter, Dorothy Mays, was not represented. At this hearing it was admitted by counsel for the employer and carrier that the deceased, Jimmy Mays, was employed by the Central Transfer Company on April 8, 1947, and met his death as a result of an accident and injury arising out of and in the course of employment; that Dorothy Mays was his legitimate child and was born on August 21, 1931. It was undisputed that decedent's average wage had been $25.83 per week for 13 weeks immediately preceding his death. It was stipulated that the $100 as provided by the statute for funeral expenses, together with the medical expenses of the last illness, had been paid. The sole question involved at the hearing was one of dependency, and counsel for the carrier and employer stated that their only contention was that the minor daughter was the dependent, and that they were prepared to pay the daughter. Jennie Mays, the mother of the deceased, testified that the deceased had lived with her continually for about three years prior to his death, and had given her about $11 a week, and sometimes $12.50 in addition at the end of the month to pay the rent, and occasionally would bring groceries home, and had bought coal; that he had not paid any board; that her daughter also lived in the house, and sometimes would give her $2 a week, some weeks $3, and some weeks nothing, so that it would hardly average $2 per week, and that until recently she had earned $1 per week. Sarah Coggins, a sister of the deceased, testified that she was the daughter who lived in the house with Jennie Mays and gave her about $2 per week, and had sometimes in addition given her $.75 or $1 for groceries, but had not given her anything in about two months. The birth certificate of Dorothy Mays, daughter claimant, showing her date of birth as August 21, 1931, and the wage record of deceased for one year prior to his death, were introduced in evidence by the employer and insurance carrier.
There was a hearing in Augusta on September 3, 1947, before a single director for the purpose of hearing testimony from Dorothy Mays, the daughter claimant. She testified as to her age; that her mother and father were divorced; that she lived with an uncle and aunt in South Carolina; that she was single and unemployed, and that her father had sent her some money *Page 334 
about the time of her birthday in 1946, and later, but none in 1947.
As a part of the record there is a copy of a decree of total divorce in the case of Jimmy Mays v. Rosa Bell Mays, in Fulton Superior Court, dated May 10, 1945, in which the plaintiff, Jimmy Mays, was ordered to pay to the defendant the sum of $3 per week for the support of their minor child [Dorothy Mays] until she became 18 years of age, married, or became self-supporting.
From the above evidence the director found that Jimmy Mays died on April 8, 1947, as a result of injuries sustained in an accident arising out of and in the course of employment; that his average weekly earnings were $25.83; that the $100 as provided by statute had been paid by the employer and insurance carrier for funeral expenses, together with the medical expenses of the last illness, and that the mother claimant was a partial dependent of the deceased, and that in determining the amount of contributions of the deceased to his mother the value of his board and lodging should be deducted, but that this was unnecessary in the present case, because under the provisions of Code § 114-414, the daughter claimant was conclusively presumed to be a total dependent and entitled to the entire compensation until she becomes 18 years of age, at which time her dependency would terminate unless she was physically or mentally incapacitated. In accordance with these findings an award was made on September 18, 1947, payable to the legally appointed guardian of the minor daughter claimant, as of April 8, 1947, at the rate of $10.98 per week, to continue until August 21, 1949, at which time, in the absence of an agreement between the parties, application for another hearing would be entertained to ascertain the rights between the mother claimant and the daughter claimant. Pursuant to an appeal by Jennie Mays, this award was affirmed by the full board, and she appealed to the superior court. The case is here on exceptions to the order of the superior court affirming the award of the full board.
"The following *Page 335 
persons shall be conclusively presumed to be the next of kin wholly dependent for support upon the deceased employee: . . (c) A boy under the age of 18, or a girl under the age of 18, upon a parent. If a child is over the ages specified above, but physically or mentally incapacitated from earning a livelihood, he or she shall be presumed to be totally dependent. . . As used in this section, the terms `boy,' `girl,' or `child' . . shall not include married children. . . If there is no person wholly dependent, payment shall be made to partial dependents. . . If there is more than one person wholly dependent, the death benefit shall be divided among them, and persons partially dependent, if any, shall receive no part thereof; . . The dependency of a child, except a child physically or mentally incapacitated from earning a livelihood, shall terminate with the attainment of 18 years of age." Code, § 114-414. The conclusive presumption of the statute that the minor daughter is wholly dependent upon the deceased employee until she attains the age of 18 years was applicable and controlling under the facts of the present case. See Travelers Insurance Co. v. Williamson, 35 Ga. App. 214,219 (132 S.E. 265); United States Fidelity Guaranty Company
v. Washington, 37 Ga. App. 140 (139 S.E. 359). Under the evidence the mother was only a partial dependent on her son and Code § 114-414, provides that partial dependents are entitled to share in the award only where there is no one wholly dependent. The finding of the State Board of Workmen's Compensation was authorized under the law and facts, and the judge of the superior court did not err in affirming the award in favor of the daughter claimant.
Judgment affirmed. Felton and Parker, JJ., concur.