THE CITY OF ATLANTA *vs.* CHAMPE *et ux.*

66 659
e110 127

1. Where the sidewalk of a street crosses another street, and the crossing habitually used by foot passengers is a bridge over a drain, there being no stepping-stones or other convenient crossing, such bridge so used is to all intents and purposes part of the sidewalk, and the city should be held to liability for damages sustained by foot passengers on said bridge to the same extent as if the injury occurred on the sidewalk itself; and if the injury arose from a defect of the bridge of which the city had notice, it is liable in damages for the injury sustained.

2. Exceptions to portions of the charge of the court will be construed in connection with the entire charge, especially when certified to

be correct only in such connection ; and if, so construed, the law is substantially given in charge, this court will not award a new trial for slight inaccuracies ; nor will it interfere on account of refusals to charge, though in writing, if not authorized by the evidence or if given substantially in the general charge.

3. A charge to the effect that the jury will be governed by the weight of the evidence, without calling special attention to the testimony of experts, is not erroneous, especially where no request, written or verbal, is made calling attention to that species of evidence.

4. Where in substance the law of the case is fully given to the jury, and their verdict is supported by the evidence, this court will not grant a new trial over the judgment of the presiding judge, though some inaccuracies of expression may have occurred in a lengthy charge involving many points.

Municipal corporations. Streets. Roads and bridges. Charge of court. Before Judge CLARK. City Court of Atlanta. June Term, 1880.

Champe and wife brought case against the city of Atlanta, alleging that on March 20th, 1878, Mrs. Champe stepped into a hole in a bridge on Walker street, and bruised her left leg violently, and tore the flesh and wrenched her ankle, causing pain, loss of time, nurse hire and physicians' bills, to her damage $3,000.00. Before trial plaintiffs amended, alleging that said injury caused disease of the womb, which was a permanent injury, and claimed $10,-000.00. Afterwards they amended by striking all claim for loss of time, nurse hire and physicians' bills.

Defendant pleaded the general issue. The evidence showed, in brief, as follows :

Where Walker and Fair streets cross each other there was a bridge across Fair street, covering a gully or drain. It lay not exactly in the line of the beaten path of the sidewalk on Walker street, but just at the edge of it, and two planks were laid so as to make a pathway across it in wet weather, there being no stepping-stones in the street. The bridge was thus frequently used as a part of the sidewalk or crossing. Mrs. Champe was walking across this

bridge, when her attention was called by the ringing of a fire-bell, and while looking away she stepped into a hole in the bridge and was injured. It had not then rained for four or five days. The hole had been there for two or. three weeks. As to the extent of the injury, and whether certain uterine troubles resulted from the fall or not, the testimony was conflicting. On the question of cause and effect, the opinions of medical experts conflicted with the testimony of Mrs. Champe herself and other witnesses. The jury found for the plaintiff $1,500.00. Defendant moved for a new trial because the verdict was contrary to law and the evidence, and because of certain charges and refusals to charge not necessary to be set out in detail in order to understand the decision, except the following charge which was excepted to:

"If there is any conflicting testimony in the case, it would be your duty to reconcile it, and if there is conflicting testimony which you cannot reconcile, you will base your conclusion on the greater preponderance of testimony, whether it relates to the testimony as reconcilable or that which is not reconcilable."

The motion was overruled, and the defendant excepted.

W. T. NEWMAN; J. T. PENDLETON, for plaintiff in error.

COLLIER & COLLIER, for defendants.

JACKSON, Chief Justice.

The suit was brought to recover damages for injuries sustained by a fall through a hole in a bridge over a drain which, crossing Fair street in Atlanta, or part of that street, connects the sidewalk of Walker street on each side of Fair. This bridge was probably not constructed to link together the two parts of the sidewalk of Walker street at the break caused by Fair street crossing Walker at this point, but seems to have been used by foot trav

elers for that purpose. There were no stepping-stones
or other convenient crossing prepared by the city; and
such being the case, we think that people on foot going
on the sidewalk of Fair street might well use the bridge
as part of the sidewalk, and when so habitually used it
became to all legal intents and purposes part of the side-
walk, and that if a person crossing over it should be hurt,
such person would not be in the condition of one who
voluntarily left the sidewalk and not entitled ordinarily
to recover, as ruled in *Zettler vs. City of Atlanta* at the
September Term 1880 of this court, not yet reported, but
would stand in all respects on the footing of a person in-
jured on the sidewalk proper. And this, it seems to us,
is the controlling point in this case. The testimony as to
the injury, the extent of it, the womb disease whether
consequent on that injury or not, was conflicting. There
is enough to sustain the verdict, and it is not against law
and evidence.

2. Construing the exceptions to the charge of the court
in the light of the entire charge, which is always done,
and should especially be done without exception where
the exceptions are verified only as established by the
charge itself, as is the case here, we do not see any such
error or inaccuracy as to require a new trial. Nor does
it strike us that the refusals to charge require us to send
the case back. They will be found by an inspection of
the record either to have been unauthorized by evidence,
or given substantially and fairly in the general charge.

3 The charge in regard to the weight of the evidence
is full, and lays down the general law correctly. No re-
quest was made to give precedence to the testimony of
experts, and if it had been, it should have been very care-
fully guarded. As a general rule, under our Georgia law
and practice, testimony, when admitted to go before the
jury, becomes their legal property, and it is for them to
consider it in every light, to weigh it for themselves, and
bring in their own verdict upon the weight they may give

it. Whilst, with equal opportunities of judging, the testimony of an expert should be preferred to that of one unskilled in a profession or trade, it is not the rule, nor is it common sense, where the opportunities *to know* are all with the unlearned. In this case, the plaintiff *knew* whether she suffered from her womb after this accident and not before better than any doctor could, and if entitled to credit and believed by the jury, her knowledge would, and ought to, outweigh the opinion of a whole college of physicians,—because theirs is at last opinion —mere opinion—founded it is true upon argument and expert argument and experience, but all based at last on the facts the patient discloses by her appearance and the information she gives of internal pain not visible to the eye. Nor would it matter much but for the specific allegation in the declaration whether the womb was the injured organ and the cause of her inability to work after she got the fall. If that fall made her sick, and so disabled her as to incapacitate her to attend to her usual avocations, the injury would be as serious perhaps and the damage as great as if some other organ than the womb or other part of this delicate frame had been injured and caused the incapacity. But it. is useless to speculate. No request was made, verbal or written, by counsel that the court instruct the jury on the subject of the testimony of experts, and the charge as given, in the absence of such request, is certainly unexceptionable.

4. At the most that can be said for the plaintiff in error, there may be some slight inaccuracy of expression in the charge; but, substantially, the law is fully and fairly laid down, and as free from inaccuracies even as a lengthy exposition of such a cause could well be made. This court, reviewing the case, is satisfied with it and with the verdict of the jury, and declines to interfere with either to the extent of reversing the judgment which denied the motion for a new trial.

Judgment affirmed.