## MARYLAND CASUALTY COMPANY *et al. v.* ENGLAND.

1. Upon an appeal to the superior court from any final award or any other final decision of the Industrial Commission, the findings of fact made by the commission within its power are, in the absence of fraud, conclusive.

2. Where upon the hearing of such appeal the finding of the commission is attacked upon all the grounds specified in section 59 of the workmen's compensation act, and where it does not appear from the record that the finding is subject to any one of said attacks, but the judge of the superior court in passing upon the appeal erroneously sets aside the finding upon one of the grounds of attack, and where a writ of error is sued out to the Court of Appeals·to review the judgment of the superior court, the appellate court in reviewing said judgment should not affirm that judgment upon the theory of its being the first grant of a new trial, although the finding of the commission on the facts was not as a matter of law demanded, but was within the power of the commission, was free from fraud, and was supported by the evidence.

No. 4718. August 14, 1925.

The Court of Appeals (in Case No. 15455) requested instruction from the Supreme Court upon the following question, a determination of which is necessary for a decision in this case:

The Georgia workmen's compensation· act (Ga. L. 1920, p. 167, § 59) provides that: "The findings of fact made by the commission within its power shall, in the absence of fraud, be conclusive, but upon such hearing the court shall set aside said order or decree of the industrial commission, if it be found: (1) that the industrial commission acted without or in excess of its powers; (2) that the order or decree was procured by fraud; (3) that the facts found by the industrial commission do not support the order or decree; (4) that there is not sufficient competent evidence in the record to warrant the industrial commission in making the order or decree complained of; or (5) that the order or decree is contrary to law. No order or decree of the industrial commission shall be set aside by the court upon any grounds other than one or more of the grounds above stated."

Where, on appeal to the superior court, the finding of the industrial commission is attacked upon all of the above-quoted grounds, and it does not appear from the record that the finding of the industrial commission was error upon any ground assigned, but where the judge of the superior court, in passing upon the appeal, erroneously set aside the finding upon one of the grounds

assigned, must the Court of Appeals, in reviewing this judgment of the judge of the superior court setting aside the finding of the industrial commission, affirm the judgment upon the theory of its being the first grant of a new trial, where the finding of the commission was not as a matter of law demanded? The attention of the Supreme Court is called to *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909 (122 S. E. 881); *Rowe* v. *Twiggs County,* 152 *Ga.* 548 (110 S. E. 303); *Gresham* v. *Lee,* 152 *Ga.* 829 (111 S. E. 404); *Mumford* v. *Solomon,* 8 *Ga. App.* 286 (68 S. E. 1075); *Gresham* v. *Lee,* 28 *Ga. App.* 576 (112 S. E. 524); Ga. L. 1920, p. 167, at p. 199. The order of the superior court judge reads as follows: "Upon consideration of the within appeal, it is ordered that the same be and the same is hereby sustained upon the ground that the commission erred in its finding with reference to dismissal for want of notice. The court does not find that the adjudication of the commission with reference to evidence of injury in the course of the employment of the deceased is without evidence to support it, but does find that it is decidedly against the weight of the evidence; and the judgment rendered having been influenced by the erroneous conclusion as to notice, the case is remanded to the commission for a new hearing and adjudication."

*George G. Glenn* and *John C. Mitchell,* for plaintiffs in error.

*William E. & Gordon Mann,* contra.

HINES, J. Section 57 of the workmen's compensation act provides for the hearing of the parties on any issue by the commission or any of its members. If an award is not made by the full commission, section 58 of this act provides for a review of the award by the full commission. Section 59 of this act provides "That any award of the commission, provided for in section 57, with respect to which no application for review thereof be filed in due time, or an award of the commission upon such review as provided in section 58 shall, in either event, as the case may be, and subject to the other provisions of this act, be a final award and shall be conclusive and binding as to all questions of fact; but either party to the dispute may, within thirty days from the date of any final award, or within thirty days from the date of any other final order or judgment of said commission, but not thereafter, appeal from the decision in such final award or from

any other final decision of said commission to the superior court of the county in which the injury occurred, or, if the injury occurred without the State, then to the superior court of the county in which the original hearing was had, in the manner" pointed out in this section; and that upon such appeal "The findings of fact made by the commission within its power shall, in the absence of fraud, be conclusive, but upon such hearing the court shall set aside said order or decree of the Industrial Commission, if it be found: (1) That the Industrial Commission acted without or in excess of its powers. (2) That the order or decree was procured by fraud. (3) That the facts found by the Industrial Commission do not support the order or decree. (4) That there is not sufficient competent evidence in the record to warrant the Industrial Commission in making the order or decree complained of; or, (5) That the order or decree is contrary to law." Ga. Laws 1920, pp. 167, 199, 9 Park's Code, 1922 Supplement, §§ 3154, 3154 (eee), 3154(ggg). If on such appeal the judge of the superior court erroneously sets aside the award of the commission upon one of the above grounds, must the Court of Appeals, in reviewing his judgment, affirm the same upon the theory of its being the first grant of a new trial, where the finding of the commission was not as a matter of law demanded?

We are of the opinion that such judgment should not be affirmed upon the above theory, for two reasons. In the first place, the Court of Appeals is not dealing with the judgment of a lower court granting a new trial; and for this reason the principle that that court or this court will not review the first grant of a new trial unless the verdict is demanded by the evidence is not applicable. In the second place, the design of the workmen's compensation act is to furnish a speedy, inexpensive, and final settlement of the claim of injured employees. The act abhors and shuns protracted and complicated litigation over the facts of any case. Conners' Case, 121 Me. 37 (115 Atl. 520); *Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613, 616 (123 S. E. 897). For this reason the act makes the finding of the industrial commission upon the facts final and conclusive. The finding of that body upon the facts can not be reviewed in the superior court, if there is evidence to support its finding. Such finding can not be reviewed in the appellate court. The finality of a finding of the indus-

trial commission upon the facts of a case is conclusive and binding upon all the courts. The purpose of the act in making such finding conclusive was to avoid the law's delay, which is often the subject of complaint. The ruling in *Rowe Motor Express Co.* v. *Twiggs County,* 152 *Ga.* 548 (supra), should not be extended to judgments other than those granting new trials, and should not be extended beyond the facts of that case. In *Gresham* v. *Lee,* 152 *Ga.* 829 (supra), the question with which we are now dealing was not involved. In *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909 (supra), the ruling of this court is in accordance with the principle which we now announce. In that case we held that "the finding of the commission upon the issues of fact is conclusive as to those issues in the reviewing court, there being evidence to sustain it." So we are of the opinion that the question propounded by the Court of Appeals should be answered in the negative. *All the Justices concur.*