16129. UNITED STATES FIDELITY & GUARANTY CO. *et al.* v. HALL.

BELL, J. 1. Where a claimant seeking compensation as a total dependent, under the workmen's compensation act, testified to having received from the deceased employee a regular contribution of $1 per day, but where the industrial commission, upon sufficient competent evidence as to the employee's earnings and lack of other income or resource, found that it was impossible for the employee to have contributed that amount, and where the commission was warranted in finding that in the very nature of things the testimony, as to *amount*, was either true or knowingly false, the commission was authorized to discard the evidence of the claimant entirely, and, in the absence of other unimpeached evidence, to refuse the claim. The fact that the claimant's testimony was corroborated by the evidence of another witness did not alter the case as a matter of law, where the same circumstances which authorized the commission to discredit the testimony of the claimant equally justified it in rejecting that of the other witness. Since there was no other evidence showing what amount the deceased employee contributed, or whether he in point of fact contributed anything to the claimant's support, the commission was not bound to make an award even as for partial dependency. Compare Civil Code (1910), §§ 5883, 5884; *Payne* v. *Reese*, 28 *Ga. App.* 180 (1); (110 S. E. 740); *Glenn* v. *Augusta Railway & Electric Co.*, 121 *Ga.* 80 (48 S. E. 684).

2. There is no contention by the claimant that the order and decree was procured by fraud. The findings of the commission and the refusal of any compensation whatever were justified by the evidence, under the ruling made above. The findings of fact made by the commission, if supported by any evidence, will in the absence of fraud be conclusive. Ga. L. 1920, p. 199; *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682 (1), 686 (118 S. E. 786); *London Guarantee & Accident Co.* v. *Shockley*, 31 *Ga. App.* 762 (1) (122 S. E. 99).

3. The workmen's compensation act provides that "No order or decree of the industrial commission shall be set aside by the court upon any grounds" except that the industrial commission acted without or in excess of its powers, that the order or decree was procured by fraud, that the facts found by the commission do not support the order or decree, that there is not sufficient competent evidence in the record to warrant the commission in making the order or decree complained of, or that the order or decree is contrary to law. Ga. L. 1920, p. 199. Since the order of the commission was not subject to be set aside upon any of the grounds stated, the superior court erred in sustaining the claimant's appeal and ordering a new trial.

4. Under the provisions of the workmen's compensation act, the judge of the superior court, upon appeal, has not that discretion to set aside an order or decree of the industrial commission which he exercises in passing upon motions for new trial and petitions for certiorari in cases where the evidence would authorize a finding or judgment for either party. See *Moore* v. *Macon Railway & Light Co.*, 8 *Ga. App.* 786 (70 S. E. 156); *Maryland Casualty Co.* v. *England*, 160 *Ga.* 810 (129 S. E. 446).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 9, 1925.

Appeal; from Wilkinson superior court — Judge Park. November 24, 1924.

*Ryals & Anderson,* for plaintiffs in error.
*Eli B. Hubbard,* contra.