20508.  HOME ACCIDENT INSURANCE CO. *et al.* v. THOMAS.

DECIDED JUNE 10, 1930.

*Brock, Sparks & Russell,* for plaintiffs in error.
*Charles W. Worrill,* contra.

Luke, J. W. G. Thomas sustained injuries resulting from an accident occurring in the course of his employment by Ross Basket Company on March 25, 1928. By agreement between the parties he received compensation at the rate of $4.12-1/2 a week, beginning June 1, 1928. This compensation, by the terms of the agreement, was to continue during disability. This agreement was approved by the industrial commission. On September 7, 1928, the insurance carrier tendered the claimant a final payment from September 9, 1928, claiming that the existing disability was due to causes other than the injuries sustained in the course of employment. This tender was refused by the claimant. Subsequently, upon a hearing before the industrial commission to determine the status of disability, the Ross Basket Company and the Home Accident Insurance Company, insurer, were directed to resume the payments of compensation under the previous award in the case, beginning on September 7, 1928, and continuing during disability, for a period not to exceed 350 weeks from the date of the accident, under the provisions of section 30 of the workmen's compensation act. From this order an appeal was taken to the superior court of Randolph county. The learned judge of the superior court, after careful and thorough consideration of the questions involved, as indicated by his written opinion before us as a part of the record, affirmed that award.

The evidence discloses that the claimant sustained serious injuries, consisting of a fracture of the lower end of the humerus just above the lower third; a fracture of the pelvis, which included a fracture of the crest of the right ilium; and a fracture through the body of the left pelvic bone, with some injury to the left knee; also that he had not "perfect extension to his arm, and that his knee was a little bit twisted." He was treated for these injuries from the time of the accident, March 25, 1928, until July 15, 1928, during which period no organic disturbances were observed. In October, 1928, he was returned to the hospital, when it was discovered that he was suffering from serious heart trouble, and that his kidneys were diseased, But, in the opinion of the attending physician, these later disturbances were not the results of the injuries sustained in March.

It is not denied by the plaintiff in error that the claimant is entitled to additional compensation under the evidence, and no ques-

tion is raised as to the amount of the weekly payments provided for in the commissioner's award. The only complaint raised here is that the commissioner based his award upon the conclusion that "if the heart condition was not directly caused by the injury, it was so aggravated or accelerated as to entitle the claimant to compensation."

This court will not undertake any extended review of the evidence adduced before the commissioner,—not that the evidence has not been read and considered, but because any analysis of the testimony seems unnecessary to the disposition of the question raised. It may be noted in passing that the claimant was apparently subjected to some sort of physical examination in the presence of the commissioner at the hearing, though the nature, extent, and result of that examination do not appear; and that the certificate of Dr. Massenburg, to which more or less frequent references are made both in the commissioner's findings and in the brief for the plaintiff in error, is not found in the record before this court. These features of the record are pointed out in order to emphasize the difficulty involved in any review by this court of the facts of the case.

While it is true, as pointed out by counsel for the plaintiff in error, that the medical opinion, or so much of it as appears in the record, seems to be in conflict with the opinion of the commissioner that the heart trouble or its aggravation was one of the natural and necessary consequences of the injuries, this court is unable to agree with the view of counsel that the opinion and conclusion of the commissioner is without legal evidence to sustain it. We quote from the record a portion of the testimony of the attending physician, in answer to the question, "What effect would those injuries have on a man of his age?" Answer: "That is hard to answer. Of course the fracture of his pelvis was severe, and it takes a long time to get over it; it is quite a shock. I don't see how this injury would cause the heart or kidney condition that he had." Our view of this testimony is that it does not preclude the possibility, or, indeed, the probability, that the commissioner may be right in his conclusion, especially when this testimony is read in connection with the other evidence in the case. In such cases as this the court will not disturb the findings of the commissioner unless it clearly appears that such findings are without any valid evidence to support them, or that the commissioner in some way exceeded his

powers, or for some other imperative reason. It is not deemed sufficient ground for reversal that the conclusions may be based upon false premises, if the conclusions themselves are apparently sound, with some evidence to support them; nor would the fact that this court in the same circumstances would probably have reached a different conclusion be regarded as a sufficient warrant to interfere. More certainly is this so in a case where the findings of the commissioner have been affirmed by the judgment of the superior court. Our conclusion is that the judge of the superior court did not err in affirming the commissioner's award.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*