21243. LIBERTY MUTUAL INSURANCE COMPANY *et al. v.*
WILLIAMS.

BELL, J. 1. The testimony of the physicians as to the want of any causal connection between the employee's injuries and the cerebral hemorrhage and high blood pressure from which he died was not binding upon the industrial commission, but the question as to the weight and credit to be given to such testimony was a matter to be determined by the commission. *Wall* v. *State,* 112 *Ga.* 336 (2) (37 S. E. 371); *Rouse* v. *State,* 135 *Ga.* 227 (69 S. E. 180); *Travelers Insurance Co.* v. *Thornton,* 119 *Ga.* 455 (46 S. E. 678); *Manley* v. *State,* 166 *Ga.* 563 (19), 597 (144 S. E. 170).

2. It appearing, from the evidence, that the decedent was performing the duties of a well and able-bodied man at the time he was injured, and that besides being struck upon the leg he received a severe blow upon his side, about two inches above the hip-bone, which was followed for some time by the passage of blood from his bowels; and that, although he was later dismissed by the attending physician as being able to return to work, he was unable to leave his home for this purpose, but continued in a state of illness and steadily grew worse until his death a few weeks later, in the meantime complaining of his side, and there being no evidence whatever that he was suffering from any sort of disease or disability at the time he was injured, the industrial commission was not absolutely unwarranted in finding that the high blood pressure and cerebral hemorrhage from which the decedent died resulted naturally and unavoidably from the injury, and that his death from that cause arose out of and in the course of his employment. *Atlanta, Knoxville &c. R. Co.* v. *Gardner,* 122 *Ga.* 82 (11) (49 S. E. 818); *Georgia Railway & Electric Co.* v. *Gilleland,* 133 *Ga.* 621 (2) (66 S. E. 944); *U. S. Casualty Co.* v. *Smith,* 34 *Ga. App.* 363 (4) (129 S. E. 880).

3. It follows that the superior court did not err in refusing to set aside the award of the industrial commission as being without any competent evidence to support it.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 21, 1931.

*McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiff in error.

*Fulwood, Forrester & Fulwood,* contra.