23056. SEARS, ROEBUCK & COMPANY *v.* GRIGGS.

MACINTYRE, J. This case arose under the workmen's compensation act. Claimant suffered an injury while employed by Sears, Roebuck & Company, resulting in a hernia, and under an agreement between the employer and employee compensation was paid during disability. On March 22, 1932, claimant had an operation at the expense of the employer, which was apparently successful and removed the hernia. The claimant returned to work on May 9, 1932, which was on Monday, and on the

Saturday following he was laid off by his employer. Claimant contended that he was not well from said injury during this time, and was suffering therefrom. After his discharge from employment, claimant filed an application for a hearing before the Department of Industrial Relations for the purpose of determining the extent of his disability, setting forth that he had never fully recovered from the injury which resulted in a hernia. On the hearing before a single director, claimant was denied compensation, and this ruling was affirmed by the full department. The claimant appealed to the superior court, and that court set aside the finding of the department and remanded the case for a further hearing. To this judgment the employer excepts. *Held:*

1. Upon a change in condition an application may be filed for a hearing, for the purpose of reviewing the award already made or settlement agreed upon between the parties. Section 45 of the workmen's compensation act (Ga. L. 1920, p. 191; Michie's Code, § 3154). The fact that an agreement has been entered into between the parties to the effect that the claimant has been fully compensated and that his employer is forever relieved and discharged from all claims or demands whatsoever because of the original injury would not bar such an application, nor does it preclude the employee from additional compensation. *U. S. Casualty Co.* v. *Smith,* 34 *Ga. App.* 363 (129 S. E. 880); *Globe Indemnity Co.* v. *Lankford,* 35 *Ga. App.* 599 (134 S. E. 357).

2. A party dissatisfied with a finding of the Department of Industrial Relations may appeal to the superior court. A finding of fact made by the department within its power shall, in the absence of fraud, be conclusive, but on such hearing the court shall set aside said order or decree of the department, "if it shall be found (1) That the [department] acted without or in excess of its powers. (2) That the order or decree was procured by fraud. (3) That the facts found by the [department] do not support the order or decree. (4) That there is not sufficient competent evidence in the record to warrant the [department] in making the order or decree complained of. (5) That the order or decree is contrary to law." No order or decree of the Department of Industrial Relations shall be set aside upon any grounds other than one or more of the grounds above stated. If not set aside upon one or more of such stated grounds, the court shall affirm the order, judgment, decree or decision so appealed from. Section 59 workmen's compensation act; Michie's Code (1926), § 3154(59); *Davis* v. *Menefee,* 34 *Ga. App.* 813 (131 S. E. 527). The department could disregard as false the testimony of the claimant and of corroborating witnesses, and consider the evidence in behalf of the employer, and it is error for the judge of the superior court to set aside the award where there is sufficient competent evidence to sustain it. *U. S. Fidelity &c. Co.* v. *Hall,* 34 *Ga. App.* 307 (129 S. E. 305). The discretion of the judge of the superior court on appeal from an award of the Department of Industrial Relations is not the same as on a motion for a new trial of a case tried before him. *U. S. Fidelity &c. Co.* v. *Hall,* supra. The rule of the appellate courts of this State, as to affirmance of the first grant of a new trial, is not to be applied to a judgment of the superior court setting aside an award of the Department of Industrial Relations. *Maryland Casualty Co.* v. *England,* 34 *Ga. App.* 354 (4) (129 S. E. 446).

3. An award may not be set aside because of the introduction of hearsay testimony. *Davis* v. *Menefee*, supra. An appeal from an award on the ground that there is not sufficient competent evidence to warrant it does not raise any question as to the admissibility of evidence. *Maryland Casualty Co.* v. *Wells*, 35 *Ga. App.* 759 (3) (134 S. E. 788).

4. It was not error for a witness for the employer to testify that after observing the claimant at work, after his original injury and operation, he was of the opinion that the claimant was not suffering any pain and that the working ability of the claimant had apparently not been impaired. *Atlanta Street R. Co.* v. *Walker*, 93 *Ga.* 462, 466 (21 S. E. 48).

5. There being some competent evidence in behalf of the employer that supported the finding of fact of the Department of Industrial Relations, and, there being no fraud involved and the finding not being contrary to law, it was error for the judge of the superior court to set aside the award of the department on the ground that there was no sufficient competent evidence to support it.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*

Decided February 24, 1934.

*Jones, Johnston, Russell & Sparks,* for plaintiff in error.
*Thomas A. Jacobs Jr.,* contra.