## 26588. PENINSULAR LIFE INSURANCE CO. *v.* BRAND.

DECIDED MARCH 17, 1938.

*Haas, Gambrell & Gardner,* for plaintiff in error.

*C. M. Dobbs, McElreath, Scott, Duckworth & Du Vall,* contra.

MACINTYRE, J. Where under Code, §§ 114-707, 114-708—(workmen's-compensation act), a single "director" has a hearing and finds certain preliminary facts (or comes to certain preliminary conclusions), and then, from these preliminary facts, finds the ultimate fact which is the issue on trial, and thus makes an award, upon a review of such an award by all the directors of the Department of Industrial Relations, whether the evidence be the same or there be additional evidence, they may find any one or all of the preliminary facts, or the ultimate fact, to be the same as found by the single "director," or their finding may be entirely different. The full board on review is not restricted by any of the findings of the single "director" as to the preliminary facts or the ultimate fact; no conclusion of the single "director," whether preliminary or ultimate, is binding on the full board. It is more or less analogous to an appeal from the decision of a justice of the peace to a jury in his court, which our courts have said is a de novo trial. There may be cases in which the justice of the peace is authorized to find for either party, and the finding either way will not be disturbed by this court, and, likewise, this court will not reverse the finding of the jury on the same evidence even though it be for the opposite party. We think the instant case is one in which the single director was authorized to find for either party, and likewise, on review by the full board, it was authorized to find for the claimant or the employer. A fact may be proved or disproved by circumstantial as well as by direct evidence.

The record of this case consists of more than two hundred seventy pages. More than half of it is taken up by the evidence, consisting of expert testimony, documentary evidence, direct, and circumstantial evidence. It would serve no special purpose to set out

in detail the evidence on which the finding was made. A careful reading of the evidence convinces us that there was a conflict in the material issues involved, especially on the issue as to whether the alleged fall by the claimant caused an injury to the knee which was of such a character as to authorize a recovery. "The statement of the findings of fact and the commission's order take the respective places of the verdict and judgment rendered in an ordinary case," and while "the order must be supported by the findings [of fact], and each, as against proper assignments, must be warranted by sufficient competent evidence," (*Southeastern Express Co.* v. *Edmondson,* 30 *Ga. App.* 697, 119 S. E. 39), yet, one or more of the facts found, even if erroneously found, does not necessarily mean that the finding as to the ultimate fact is harmful error.

It seems to us that it may also be somewhat analogous to a case of negligence where there are many acts of negligence alleged and proof of any one or all of them would authorize a recovery. In workmen's-compensation cases the finding of one fact by the full board may be controlling and sufficient to authorize the order or judgment. The finding of two facts may be controlling and sufficient to authorize the judgment or order, or it may take the finding of all the facts to authorize the judgment or order. Merely because the evidence fails to support one or more findings of fact does not necessarily require a reversal, if it supports a sufficient number of findings of fact, all of which taken together support the judgment or order. Thus in the instant case an order or judgment rendered by the full board may be supported by some or all of its findings of fact, yet, there must be a sufficient number of findings of fact stated in the order to authorize the judgment in law, and the evidence must support a sufficient number of them to authorize such a judgment. The commission's findings of fact, being supported by evidence, were conclusive, and in such a case an appeal by the losing party is, as a matter of law, without merit. The judge of the superior court can not legally set aside an order or decree of the Department of Industrial Relations where there is any competent evidence to sustain it. In this kind of case he has not that discretion which he may exercise in passing on a motion for a first new trial, or a petition for certiorari, where the evidence would have authorized a finding or judgment for either

party. The superior court erred in sustaining the appeal. *Savannah River Lumber Co.* v. *Bush,* 37 *Ga. App.* 539 (140 S. E. 899) ; *Maryland Casually Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75) ; *Sears-Roebuck & Co.* v. *Griggs,* 48 *Ga. App.* 585 (173 S. E. 194) ; *Home Accident Co.* v. *Thomas,* 41 *Ga. App.* 547 (153 S. E. 626) ; *Montgomery* v. *Maryland Casualty Co.,* 169 *Ga.* 746 (151 S. E. 363) ; *Abercrombie* v. *Maryland Casualty Co.,* 41 *Ga. App.* 729 (154 S. E. 459) ; *Independence Indemnity Co.* v. *Sprayberry,* 171 *Ga.* 565 (156 S. E. 230) ; *Am. Mutual Liability Co.* v. *Brock,* 165 *Ga.* 771 (142 S. E. 101) ; *Washington* v. *U. S. Fidelity & Guaranty Co.,* 39 *Ga. App.* 481 (147 S. E. 533).

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*