27924. MILAM *v.* FORD MOTOR COMPANY.

DECIDED JANUARY 31, 1940.

*Walter A. Sims, Ralph G. Sims, Henry M. Henderson,* for plaintiff.

*Sumler M. Kelley, Spalding, Sibley, Troulman & Brock,* for defendant.

SUTTON, J. This writ of error is to a judgment affirming an

award of the Industrial Board, denying compensation to the claimant on the ground of a change in condition since the award in his case was rendered. On August 30, 1937, the claimant received an injury to his right arm, which arose out of and in the course of his employment with the Ford Motor Company; and the Industrial Board, on May 16, 1938, rendered an award granting him compensation for a total loss of the use of his arm from September 6, 1937, for a period of six weeks. In that award the Industrial Board found: "The evidence discloses that the claimant has an adherent scar and small area of lost sensation as a result of the laceration; but this director finds that this scar and small area of lost sensation does not cause any loss of use of the arm. Dr. John W. Turner, who testified for the claimant, stated: 'I don't believe it [the adherent scar] sufficient to prevent the free use; it is superficial attachment; it does, of course, pull some of the skin here, and in that way interferes.' This director finds as a matter of fact that since the expiration of the six-weeks period of total loss of use claimant has been able to use his arm normally in the performance of his work, and he has not suffered any loss of use of the arm since the expiration of the period of total loss of use, and will not suffer any permanent partial loss of use as a result of the accident." No appeal was made from that award.

On September 20, 1938, the claimant made an application for a hearing, on the ground of a change in condition since the award was granted. It is recited in the award now under review: "The preponderance of the evidence adduced at the last hearing establishes the following facts: that from the date of the injury, August 30, 1937, to March 22, 1938, the claimant continued working at the Ford Motor Company, and during all of this period he performed the same duties he was performing at the time of the accident, which were those of a metal finisher, with the exception of a few weeks he operated an elevator immediately following the injury; that after claimant left the Ford Motor Company he went into business for himself and worked as a mechanic in his own business; that he hired an assistant mechanic to help him, and paid this mechanic $25 per week; that claimant himself earns approximately $20 per week and was earning the sum of $38 per week while working with the Ford Motor Company; that claimant works eleven hours per day in his own place of business as a mechanic and

looking after storage, and has worked continuously since he left the Ford Motor Company. Claimant at this time complains of pain and a weakness in the grip of his right hand. He also complains that the work he is now performing as a mechanic is heavier than the work he performed while at the Ford Motor Company, and after performing heavy mechanical work for about an hour his right arm gives out on him and he is forced to stop. On the question of a change in condition claimant testified: 'Q. Can you last as long as you could prior to the former hearing, or do you remember what your testimony was you testified to last? A. I don't believe it is as good, on account of the change in work, different line of work. Q. In other words, your arm is not improving; if anything, it is getting a little worse, is that correct? A. Yes, sir.' Only one physician testified at the hearing; and this testimony establishes the fact that claimant at this time has normal motion of the fingers and thumb in all directions and normal motion of his wrist, but on flexion and extension of the wrist there is some movement in the scar which is about four inches above his wrist on the outside of the arm from the palm down, which resulted from the laceration of the forearm sustained in the accident; that the scar is normal for the type of wound claimant had, without any inflammation; that claimant has no atrophy of the right arm and hand, in fact the right arm is one-half an inch larger than the left in circumference; that the movement of the scar might cause some pain which in the opinion of the physician would not be serious; that claimant has no permanent disability in the right arm. From the preponderance of the evidence this director finds as a matter of fact that claimant has not suffered a change in condition since the award was rendered in this case, and that he is not now, and has not been since the award was rendered, suffering any degree of loss of use of the right arm or hand; that claimant has complete and normal motion and use of the arm and hand; and that the scar on the arm, which has healed completely and normally, might cause slight pain when there is extension or flexion of the wrist; but this is not disabling, and does not prevent normal use of the arm. Therefore additional compensation is denied, and the case is hereby dismissed."

The plaintiff contends that the findings and award of the Industrial Board, which were affirmed by the superior court, were not

supported by the evidence. From an examination of the evidence we are of the opinion that the Industrial Board was authorized in finding that the claimant had not suffered a change in condition since the award was rendered in his case, and that the award denying compensation to the claimant on this ground was authorized by the evidence. It is well-settled law of this State that where there is sufficient competent evidence to sustain the award of the Industrial Board, it is error on the part of a court to set the award aside. *United States Fidelity & Guaranty Co.* v. *Hall,* 34 *Ga. App.* 307 (4) (129 S. E. 305) ; *Sears, Roebuck & Co.* v. *Griggs,* 48 *Ga. App.* 585 (173 S. E. 194) ; *Weaver* v. *Maryland Casualty Co.,* 55 *Ga. App.* 820 (191 S. E. 503) ; *Peninsular Life Ins. Co.* v. *Brand,* 57 *Ga. App.* 526 (196 S. E. 264) ; *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75) ; *American Mutual Liability Ins. Co.* v. *Curry,* 187 *Ga.* 342 (200 S. E. 150). The judge of the superior court did not err in affirming the award of the Industrial Board.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*