29670. BITUMINOUS CASUALTY CORPORATION *et al. v.* JACKSON.

DECIDED DECEMBER 2, 1942.

*T. Elton Drake, Edward B. Lovell, Herman Talmadge,* for plaintiffs in error.

*William G. Grant, George & John L. Westmoreland,* contra.

SUTTON, J. The claim of A. O. Jackson, employee, against L. P. Friedstedt, employer, and Bituminous Casualty Corporation, insurance carrier, for compensation for an injury received by the employee while engaged in the performance of his work with the employer and which he claimed resulted in the loss of vision in one of his eyes, was heard before a director of the Industrial Board. The director found from the evidence adduced on the hearing that the claimant's eyes had been operated on more than twenty years previously, which operation was performed in order to straighten the eyes of the claimant, who was cross-eyed; that since this operation the claimant had been wearing glasses with heavy lenses; that the medical testimony showed that the claimant has a squint in his right eye; that the muscles controlling the movements of his eyes do not function properly; that through the years the vision in the claimant's right eye had become impaired and practically lost because of nonuse, which was all due to the first cause of mal-

formation and failure of the eye to function normally and properly; that this was the condition of the claimant's right eye on September 22, 1941, when he had the accident resulting in the injury for which he sought compensation; that the evidence adduced on the nature of this accident shows that the claimant was struck upon the nose and upper lip, and that at the time he had on his glasses but they were not broken by the impact of the lick.

The director further found that "the superior weight of the medical evidence is that there is no connection between the loss of vision of the right eye of the claimant and the accident; . . that the claimant had the loss of vision in his right eye at the time of the accident, and that the accident had no part in making the vision any worse than it was originally." The director thereafter found "from the superior weight of the evidence that whatever loss of vision the claimant had in his right eye was pre-existent at the time of the accident and that there is no connection between the loss of vision and the accident." The director thereupon denied the claimant's claim for compensation.

On January 20, 1942, within due time, the claimant appealed from the award of the director to the superior court of Clayton County, the county in which the claimant was working at the time the accident was sustained. The superior court sustained the appeal and remanded the claim to the Industrial Board for further action. The employer and the insurance carrier excepted to this order and judgment.

An award of the Industrial Board as to findings of fact, supported by any competent evidence, is conclusive and binding in the absence of fraud (Code, § 114-710), and, on appeal to the superior court, such award stands on the same footing as the verdict of a jury which is supported by some evidence and which has been approved by the trial judge. It has been repeatedly held by this court and the Supreme Court that such an award can not be set aside by any court. *Liberty Mutual Insurance Co. v. Perry,* 53 *Ga. App.* 527 (4) (186 S. E. 576); *Employers Liability Assurance Cor. v. Woodward,* 53 *Ga. App.* 778 (2) (187 S. E. 142); *Peninsular Life Insurance Co. v. Brand,* 57 *Ga. App.* 526 (196 S. E. 264); *Liberty Mutual Insurance Co. v. Holloway,* 58 *Ga. App.* 542 (199 S. E. 334); *Milam v. Ford Motor Co.,* 61 *Ga. App.* 614, 617 (7 S. E. 2d, 37); *Smith v. Fidelity & Casualty Co.,* 63 *Ga.*

*App.* 898, 899 (12 S. E. 2d, 366); *American Mutual Liability Co.* v. *Harden,* 64 *Ga. App.* 593 (13 S. E. 2d, 685)'; *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75); *Thompson-Starrett Co.* v. *Johnson,* 174 *Ga.* 656 (163 S. E. 745); *Maryland Casualty Co.* v. *Sanders,* 182 *Ga.* 594 (186 S. E. 693). The evidence in the present case was conflicting. In substance, the claimant testified that the loss of vision in his right eye was caused by the injury he received from the lick on his mouth and nose by a chain. Two witnesses, one an optometrist and the other a physician, testified in behalf of the claimant that the lick received by the claimant could have caused loss of vision in his eye. On the other hand, three reputable physicians, two of whom were eye specialists, testified to the effect that they examined the claimant after he received the injury in question, and that there was no connection between that injury and the loss of vision in his eye, and that in their opinion the accident complained of did not cause ᵗhe loss of vision in his eye, but that it was caused by a defective condition of his eye, which had existed for a number of years, and from nonuse of his eye.

What weight and credit expert testimony is entitled to is a question for the jury. *Rouse* v. *State,* 135 *Ga.* 227 (69 S. E. 180). In the present case it was for the director of the Industrial Board to determine from the evidence whether the loss of vision in the claimant's eye was caused by the accident, as contended by the claimant, or whether this was the result of a defective and diseased condition of his eye. In determining this question the director was authorized to accept the expert testimony of the doctors who had examined the claimant and who testified that in their opinion the loss of vision in his eye was not caused by the accident as he contended. *United States Casualty Co.* v. *Matthews,* 35 *Ga. App.* 526, 527 (133 S. E. 875). We are of the opinion that the award of the director of the Industrial Board was supported by some competent evidence, and that the judge of the superior court erred in setting, aside the award.

In the cases cited by the trial judge in his order, *City of Atlanta* v. *Champe,* 66 *Ga.* 659, 663, and *Southern Railway Co.* v. *Tankersley,* 3 *Ga. App.* 548 (60 S. E. 297), and which are cited and quoted in the dissenting opinion, the jury saw fit to accept the testimony of the plaintiffs in preference to the expert testimony, and, of

course, the appellate courts there held there was evidence to support the verdicts and the judgments were affirmed. Had the director of the Industrial Board rendered an award in the present case in favor of the claimant, such an award could have been sustained, as there was some evidence to support such a finding. While that is beside the mark, still the same principle of law is controlling in this case. The director found against the claimant and entered an award denying compensation. There is some competent evidence to support the award, and the courts are without authority to set the award aside. Consequently the judgment must be                          *Reversed. Felton, J., concurs.*

STEPHENS, P. J., dissenting. On December 18, 1941, there came on for hearing before Director Tucker of the Industrial Board the claim of A. O. Jackson, employee, against L. P. Friedstedt, employer, and Bituminous Casualty Corporation, insurance carrier, for compensation for an injury received by the employee while engaged in the performance of his work with the employer and which he claimed resulted in the loss of vision in one of his eyes. The director found from the evidence adduced on the hearing that the claimant's eyes had been operated on over twenty years previously, which operation was performed in order to straighten the eyes of the claimant who was cross-eyed; that since this operation the claimant had been wearing glasses with heavy lenses; that the medical testimony showed that the claimant has a squint in his right eye; that the muscles controlling the movements of his eye do not function properly; that through the years the vision in the claimant's right eye had become impaired and practically lost because of nonuse which was all due to the first cause of malformation and failure of the eye muscles to function normally and properly; that this was the condition of the claimant's right eye on September 22, 1941, when he had the accident resulting in the injury for which he sought compensation; that the evidence adduced upon the nature of this accident shows that the claimant was struck upon the nose and upper lip; and that at the time he had on his glasses but they were not broken by the impact of the lick.

The director further found that "the superior weight of the medical evidence is that there is no connection between the loss of vision of the right eye of the claimant and the accident;  . . that the claimant had the loss of vision in his right eye at the time

of the accident, and that the accident had no part in making the vision any worse than it was originally." The director thereafter found "from the superior weight of the evidence that whatever loss of vision the claimant had in his right eye was pre-existent at the time of the accident and that there is no connection between the loss of vision and the accident." The director thereupon denied the claim for compensation.

On January 20, 1942, within due time, the claimant appealed to the superior court which sustained the appeal and remanded the claim to the Industrial Board for further action. The employer and the insurance carrier excepted to this judgment.

The award of Director Tucker from which the claimant appealed is based on the findings of such director from the evidence adduced before him. Ordinarily the findings of fact made by a single director in cases where no application for review as provided under Code § 114-708 is made to the full board are final and binding on the superior court as well as on the appellate courts, where such award is supported by any competent evidence. Code § 114-710. On appeal to the superior court such an award, with respect to the sufficiency of the evidence to support it, stands on the same footing as the verdict of a jury which has been approved by the judge. *Butler* v. *Mitchell,* 49 *Ga. App.* 315 (175 S. E. 271). Therefore in those cases in which evidence is adduced on the hearing before the director or the full board, as the case may be, a judge of the superior court, on appeal, does not have that discretion which he may exercise in passing on a motion for a first new trial or on a petition for certiorari. *Sears, Roebuck & Co.* v. *Griggs,* 48 *Ga. App.* 585 (173 S. E. 194). It follows that the judge of the superior court on appeal can not legally set aside an award of the director where there was any competent evidence in support of it. *Savannah River Lumber Co.* v. *Bush,* 37 *Ga. App.* 539, 541 (140 S. E. 899).

The claimant testified that before the accident he could see out of his right eye, but that after the accident his vision in that eye was very much impaired. Dr. Kahn testified that several years before the accident he had examined this eye and found that the claimant had a two-thirds vision in the eye. A medical witness testified that he examined the claimant's eye after the accident and that the sight in it was very meager; that the claimant could see

only hand movements; that in his opinion this condition could have been caused by a lick in the face. However, the witnesses for the insurance company and the employer, who were physicians, and expert medical witnesses, and who made an examination of the claimant only after the accident, testified that in their opinion the condition of the right eye was due alone to nonuse thereof over a period of years, and had not been caused by the accident.

While the testimony of experts with equal opportunities for judging should be preferred to the testimony of one unskilled in a profession or trade, in matters of opinion, the claimant knew whether he had lost the vision in his right eye, and knew that he could see out of it until he suffered the blow which injured his nose and ear, cut his lip, and knocked him down. The claimant knew whether he suffered the loss of sight in his right eye after the accident and not before, better than any physician who examined him afterwards could know. If the claimant's testimony (which also had the support of some expert opinion testimony) is entitled to credit and belief by the director, the claimant's knowledge would, and ought to, "outweigh the opinion of a whole college of physicians,—because theirs is at last opinion." See *City of Atlanta* v. *Champe*, 66 *Ga.* 659, 663 and *Southern Railway Co.* v. *Tankersley*, 3 *Ga. App.* 549, supra. It is apparent from the findings of fact of the single director that his award denying compensation and dismissing the claim was based solely on the opinion evidence of the expert physicians who gave their opinions after the accident, and without consideration of claimant's positive testimony. In these circumstances, the case presented by the record before the superior court on appeal was not one in which the evidence authorized a finding or judgment against the claimant. The evidence demanded a finding for the claimant.

"Opinion evidence alone may be sufficient to support a verdict or finding, . . but the judgment of an expert when opposed to undisputed facts and deductions of common sense will not support a verdict." 22 C. J. 732, 733. The principle is well stated in Cincinnati &c. R. Co. v. Webber, 178 Ky. 171 (198 S. W. 756), that testimony which is sustained by the physical facts can not be overcome by the testimony of expert witnesses. The testimony of an expert as to his opinion is not positive evidence of a fact in dispute, but is advisory only, to assist the triers of fact to understand

and apply other evidence. 32 C. J. S. 390, et seq. See *Georgia, Northern Ry. Co. v. Battle,* 22 *Ga. App.* 665 (97 S. E. 94) ; *Bailey v. Vitagraph &c. Inc.,* 148 *Ga.* 450 (94 S. E. 554). While it is true that the weight to be given to the opinion evidence of an expert is usually for the jury, a mere theoretical statement of such witness is insufficient to overthrow the positive and reasonable testimony of honest and unimpeached witnesses 'as to the existence of physical facts which demand a different conclusion. The testimony of the claimant as to when he lost his sight, and that he knew when he did, because he had tested the sight in the right eye before the accident, was unimpeached and uncontradicted, save by the expert opinion testimony of the physicians who examined the claimant after the accident. "In such a case the facts are, as a matter of law, more convincing than theory. And as between the two there is no legitimate basis for a choice on the part of the jury." *Gem City Life Ins. Co. v. Stripling,* 176 *Ga.* 288, 292 (168 S. E. 20). "The bias of an expert goes to the weight of his testimony, and the testimony of a professional medical expert who makes a business of giving testimony in personal injury cases is entitled to but little weight." 32 C. J. S. 398. "Expert opinion will not necessarily prevail over that of a non-expert or over other competent evidence. . . The testimony of a person as to his physical condition may be considered as against conflicting testimony of a doctor." 32 C. J. S. 422, 423. Gulf Casualty Co. *v.* Bostick (Tex. Civ. App.), 116 S. W. 2d, 915; Grant *v.* U. S., 74 Fed. 2d, 302; U. S. *v.* Ingalls, 67 Fed. 2d, 593; U. S. *v.* Donahue, 66 Fed. 2d, 838; National Life &c. Co. *v.* Muckelroy (Tex. Civ. App.), 40 S. W. 2d, 1115; 18 Tex. Jur. 48. "As a general rule proof of facts will outweigh opinions or estimates contrary thereto, and opinion evidence must give way to uncontroverted physical facts contrary thereto, and should not be regarded as sufficient to create a substantial conflict in the evidence. . . Also, the opinion of the doctor who attended at the time of the injury, as to the permanency of the injury and the extent of disability, is of little or no value as against proof of the actual disability which existed thereafter and up to the time of trial." 32 C. J. S. 423, 426; *Moon v. Wright,* 12 *Ga. App.* 659 (78 S. E. 141).

It follows that the director erred in basing his award denying compensation solely on the expert opinion testimony of the three

physicians for the insurance carrier, and disregarding positive, unimpeached, uncontradicted testimony of the claimant as to when he lost the sight in his right eye, and the supporting expert opinion evidence of two physicians that the accident to the claimant could have caused the loss of the sight in such eye. I am of the opinion that the judge did not err in sustaining the appeal and in remanding the case to the Industrial Board.