### 30461. MARYLAND CASUALTY COMPANY *et al.* *v.* HOPKINS.

DECIDED MAY 24, 1944.

*T. Elton Drake,* for plaintiffs in error.
*Thomas B. Branch Jr., Warren E. Hall Jr.,* contra.

SUTTON, P. J. George H. Hopkins filed a claim for compensation with the State Board of Workmen's Compensation against his employer, the Murray Company, and its insurance carrier, Maryland Casualty Company. Under the admissions of the parties, the only issue for determination by the board was whether or not the claimant's loss of sight in his left eye was the result of an accident arising out of and in the course of his employment. The employer and its carrier contended that the claimant's loss of sight was systemic in origin, and not the result of accident.

On the hearing it appeared from the evidence that the claimant was employed by the Murray Company, which was engaged in the manufacture of shells for the United States government. These

shells were bored to size on a lathe, the boring bar and shell being cooled by a fluid composed of water and some compound, the composition of which does not appear from the evidence. While engaged in operating this machine, a metal shaving cut from the shell by the boring bar broke, and while still covered with the cooling fluid, struck the claimant in his left eye. This occurred about ten or fifteen minutes before quitting time in the morning. The claimant put his hand to his eye and stepped back from the machine. A fellow worker handed him a clean white rag, and took over the machine and finished the shell, and the claimant wiped the shaving and fluid from his eye and face with the rag. He did not report the injury before quitting that morning; but his eye burned and hurt that day, and he reported the injury to his foreman that night when he went back to work. The foreman sent him to the company nurse, who examined the eye and washed it out with boric acid and argyrol drops. She testified that she did not observe any foreign body in it, but that his eye was red and inflamed. He continued to work for two or three weeks and each day that he worked the nurse washed out his eye. His eye continued to be inflamed and to hurt, and he saw Dr. C. A. Donehoo. Dr. Donehoo testified that he examined the claimant and did not find a foci of infection or systemic condition to treat, but that there appeared to be a cut, scar, or burned place in the corner of the eye near the nose, and that his diagnosis was that he had been struck in the eye with something. He testified that he was not an eye specialist, and that he advised the claimant to report the injury to his employer. The next morning the claimant was sent to Dr. B. McH. Cline by the company nurse. Dr. Cline testified that he examined his eye, and did not find any bruise, but that the eye was inflamed, especially in the deeper structures of the eye; that he did not think the trouble was caused by anything that had gotten into the eye, but thought it was due to some systemic condition; that if the claimant had received a lick in his eye, such lick could excite or set in motion a systemic condition. He referred the claimant to Dr. Newberry and to Dr. Rufus Askew, and told him to see a dentist about his teeth. Dr. Askew testified that he examined the claimant's eye only superficially; but that he gave him a physical examination, and that he had advanced pyorrhoea, high blood pressure, an inflamed and infected throat, and a mod-

erate inflammation of the prostate gland. He thought the condition of his eye was from his general systemic condition and not from trauma, but that he could not tell whether trauma would aggravate it or not. Dr. Stacy C. Howell testified that he examined the claimant's eye, and did not observe any bruise at that time; that while a foreign body might excite the condition he found to exist in the eye, it was unlikely that such condition would exist except in the presence of a foci of infection elsewhere; that if the claimant had been struck in the eye by a shaving, it might excite the condition of the eye in the presence of other trouble. The employer sent him to see Dr. Herschel C. Crawford, who testified he examined the eye and did not find any bruise, but that the eye was irritated. That an x-ray was made of the eye and no metal objects were found therein. He thought the eye would clear up, if pyorrhoea was the exciting cause; that pyorrhoea might be the exciting cause, but that it could be caused by a sluggish intestinal tract, a sluggish colon, or some obscure thing; that if a person had a foci infection, a traumatic blow in the eye might excite or set the condition in motion. Dr. George F. Hagood Jr. testified that he examined the claimant's mouth, and that there was no evidence of pyorrhoea or abnormal condition there. The claimant testified that before the injury he could see all right, and that after the injury he was practically blind in his left eye.

The director found as a matter of fact and ruled as a matter of law that the claimant's eye was injured by an accident arising out of and in the course of his employment, and awarded compensation. His award was affirmed by the board on appeal, and the superior court affirmed the award of the board. The exception here is to that judgment.

The workmen's compensation act makes the finding of the board upon the facts final and conclusive, and in the absence of fraud such finding cannot be set aside by any court, if there is any competent evidence to support it. Code, § 114-710; *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909 (122 S. E. 881); *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75); *Bituminous Casualty Co.* v. *Jackson,* 68 *Ga. App.* 447 (23 S. E. 2d, 191). The weight and credit to be given to the testimony of the witnesses and also the conflicts in the evidence were matters for determination by

the board. *Continental Casualty Co.* v. *Bennett*, 69 *Ga. App.* 683 (26 S. E. 2d, 682) ; *Liberty Mutual Insurance Co.* v. *Williams*, 44 *Ga. App.* 452 (161 S. E. 853) ; *Bituminous Casualty Co.* v. *Jackson*, supra; *Continental Casualty Co.* v. *Bennett*, supra. It is uncontroverted that while the claimant was in the discharge of his duties in making a shell he was struck in the left eye by a metal shaving covered with cooling fluid, and that he could see all right before the injury, but was practically blind in his left eye at the time of the hearing. Dr. C. A. Donehoo, who was the first doctor to examine him after the injury, testified that he found no systemic condition to treat when he examined the claimant, but that he did find that claimant's eye had been injured; that there was a cut, scar, or burned place in his eye; and that his diagnosis was that the claimant had been struck in the eye with something, as his eye was injured. The finding of the board, that the claimant's injury was the result of accident arising out of and in the course of his employment, is supported by ample evidence. It follows, therefore, that the superior court did not err in affirming the award of the board, which affirmed the award of the director.

*Judgment affirmed. Felton and Parker, JJ., concur.*