AMERICAN MUTUAL LIABILITY INSURANCE CO. *et al.* v. SISSON.

No. 14974. NOVEMBER 14, 1944. REHEARING DENIED DECEMBER 4, 1944.

*Neely, Marshall & Greene,* for plaintiffs in error.

*Randall Evans Jr., Jack D. Evans,* and *George N. Blanos,* contra.

DUCKWORTH, Justice. The finding by the board that the disability for which compensation was sought did not result from the injury received while the claimant was employed in 1941 is supported by the evidence in this record. That finding made the award disallowing compensation mandatory. The opinion of the Court of Appeals apparently concedes that the judgment of the board is amply supported by the evidence, but the reversal by that court is planted squarely upon the proposition that the unauthorized finding by the board that the wife had confessed infidelity affected the board's final finding adversely to the claimant, and under the authority of *Wilson* v. *Swift & Co.,* 68 *Ga. App.* 701 (23 S. E. 2d, 261), should be reversed. The Court of Appeals, in *Peninsular Life Ins. Co.* v. *Brand,* 57 *Ga. App.* 526 (196 S. E. 264), correctly stated, we think, that "one or more of· the facts found, even if erroneously found, does not necessarily mean that the finding as to the ultimate fact is harmful error." That decision would require that the finding of the board be affirmed if there is evidence to sustain the same, notwithstanding there might be a number of unnecessary findings of fact which are not supported by the evidence. The legislature has clearly defined the procedure in workmen's compensation claims. Code, § 114-710. It is there declared that the board's findings on disputed issues of fact are final and controlling except in cases of fraud, and provided that the court shall be authorized to set aside an order or decree of the board in the following five instances, to wit: "(1) The directors acted without or in excess of their powers; (2) the order or decree was procured by fraud; (3) the facts found by the directors do not support the order or decree; (4) there is not sufficient competent evidence in the record to warrant the directors in making the order or decree complained of; or that (5) the order or decree is contrary to law." It is then declared that, "No order or decree of the department shall be set aside by the court upon any grounds other than one or more of the grounds above stated." This court has repeatedly ruled that when the findings of fact by the board are supported by any evidence they are conclusive and must be affirmed

626

by the court. *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909, 915 (122 S. E. 881); *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810, 812 (129 S. E. 75); *Montgomery* v. *Maryland Casualty Co.,* 169 *Ga.* 746 (151 S. E. 363); *Maryland Casualty Co.* v. *Sanders,* 182 *Ga.* 594 (186 S. E. 693); *Fried* v. *United States Fidelity & Guaranty Co.,* 192 *Ga.* 492, 493 (15 S. E. 2d, 704). On application of these principles of law to the record in this case, the trial court properly affirmed the finding of the board, and the Court of Appeals erred in reversing the judgment of the trial court.

*Judgment reversed. All the Justices concur.*