36345. 'WEATHERS *v.* AMERICAN CASUALTY COMPANY *et al.*

CARLISLE, J. 1. No rule is more firmly established under the workmen's compensation law than that stated in *Maryland Casualty Co.* v. *Hopkins,* 71 *Ga. App.* 175, 177 (30 S. E. 2d 357): "The workmen's compensation act makes the finding of the board upon the facts final and conclusive, and in the absence of fraud such finding cannot be set aside by any court, if there is any competent evidence to support it. Code § 114-710; *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909 (122 S. E. 881); *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75); *Bituminous Casualty Co.* v. *Jackson,* 68 *Ga. App.* 447 (23 S. E. 2d 191). The weight and credit to be given to the testimony of the witnesses and also the conflicts in the evidence were matters for determination by the board. *Continental Casualty Company* v. *Bennett,* 69 *Ga. App.* 683 (26 S. E. 2d 682); *Liberty Mutual Insurance Co.* v. *Williams,* 44 *Ga. App.* 452 (161 S. E. 853); *Bituminous Casualty Co.* v. *Jackson,* supra; *Continental Casualty Co.* v. *Bennett,* supra."

2. "Where the State Board of Workmen's Compensation makes a finding of fact which is supported by the evidence, such finding is conclusive and will not be reversed, although the board has made other findings of fact not essential to the judgment in the case and not authorized by the evidence." *American Mutual Liability Ins. Co.* v. *Sisson,* 198 *Ga.* 623 (32 S. E. 2d 295), and cit.

3. Under an application of the foregoing principles of law to the facts of the present case, the trial director was authorized to find that the claimant sustained no accident on October 15, 1954, which arose out of and in the course of his employment as claimed. Although the claimant testified that on the date of his alleged accident he sustained a sharp and disabling pain in his back while lifting certain objects in the course of his employment, it appears that he made no complaint to his fellow employees or superiors at the time. It also appears that he had sustained an injury to the same area of his back in a prior employment in April, 1953, and that the physician who treated him at that time examined him in April, 1955, and could find that no objective changes had occurred in his condition during that year. A fellow employee with whom the claimant rode to and from work testified that the claimant had complained almost constantly of the injury which he had sustained in his former employment and had said to him that he intended to get all he could out of that injury which he had sustained, and that the claimant had complained just as much before October 15, 1954, as he had after that date. Another physician testified that he had attended him on the occasion of his first injury in the prior employment, and that the only change which he could observe was that at the time of the hearing he showed some im-

provement and had no increased disability in any way. It matters not, under the rule in the *Sisson* case, that the trial director in relating the testimony of one of the physicians quotes him as having said that the claimant had no disability to work, when in fact the physician had testified that he had no ability to work. There was other ample evidence to authorize the denial of compensation, and, moreover, this same physician on re-direct examination stated that as far as his findings were concerned, the claimant was suffering from no disability.

The trial director did not err in entering an award denying compensation, and the superior court did not err in affirming this award which had also been affirmed by the full board.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 18, 1956—REHEARING DENIED NOVEMBER 8, 1956.

*Grace W. Thomas*, for plaintiff in error.

*Smith, Field, Doremus & Ringel, Palmer H. Ansley, Richard D. Carr*, contra.