38180. WILKINS *v.* EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY *et al.*

NICHOLS, Judge. 1. No rule is more firmly established under the workmen's compensation law than that stated in *Maryland Casualty Co.* v. *Hopkins,* 71 *Ga. App.* 175, 177 (30 S. E. 2d 357): "The workmen's compensation act makes the finding of the board upon the facts final and conclusive, and in the absence of fraud such finding cannot be set aside by any court, if there is any competent evidence to support it. Code § 114-710; *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909 (122 S. E. 881); *Maryland Caswalty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75); *Bituminous Casualty Co.* v. *Jackson,* 68 *Ga. App.* 447 (23 S. E. 2d 191). The weight and credit to be given to the testimony of the witnesses and also the conflicts in the evidence were matters for determination by the board. *Continental Casualty Co.* v. *Bennett,* 69 *Ga. App.* 683 (26 S. E. 2d 682); *Liberty Mutual Insurance Co.* v. *Williams,* 44 *Ga. App.* 452 (161 S. E. 853); *Bituminous Casualty Co.* v. *Jackson,* supra; *Continental Casualty Co.* v. *Bennett,* supra." *Weathers* v. *American Cas. Co.,* 94 *Ga. App.* 530 (1) (95 S. E. 2d 436); *Wiley* v. *Aetna Casualty & Surety Co.,* 98 *Ga. App.* 241 (105 S. E. 2d 377).

2. Applying the foregoing principles of law to the facts of the present case, the trial director was authorized to find that

the claimant's deceased husband did not suffer an accident arising out of and in the course of his employment. Although Dr. John R. Wakefield, a witness for the claimant, in answering some hypothetical questions propounded to him stated in substance that if the exertion had been connected with the heart seizure it would have been accompanied by symptomatic pains in the chest and arm, all of the fellow-employee witnesses who had an opportunity to observe and talk with the deceased while he was on the job on the fatal night in question, without exception testified that the deceased never complained of any pain in his chest or arm, but rather confined his complaints to an upset stomach condition, which the record discloses had been more or less chronic with him over a period of years. This of course was some evidence to support the award. The trial director did not err in entering an award denying compensation, and the superior court did not err in affirming the award which had also been, in effect, affirmed by a majority of the full board.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*

DECIDED APRIL 5, 1960.

*Vernon W. Duncan*, for plaintiff in error.

*Smith, Swift, Currie, McGhee & Hancock, Glover McGhee, Frank M. Swift*, contra.