37363. ARMSTRONG CORK COMPANY *v.* ADDLETON.

DECIDED OCTOBER 30, 1958—REHEARING DENIED NOVEMBER 18, 1958.

*Jones, Sparks, Benton & Cork, Ed L. Benton,* for plaintiff in error.

*Sell & Comer, John D. Comer,* contra.

FELTON, Chief Judge. The evidence showed that upon reaching the place of his employment the deceased normally climbed a flight of stairs to an employees' locker room where he changed

from street clothes into work clothes. The claimant contends that the deceased's exertion in climbing the stairs precipitated or contributed to a coronary occlusion suffered by the deceased from which he died.

The medical evidence on behalf of the claimant was to the effect that exertion would precipitate or contribute to a coronary occlusion and that in the decedent's case the climbing of the stairs on that particular occasion precipitated or contributed to his coronary occlusion.

The employer's medical evidence was to the effect that only unusual exertion would precipitate or contribute to a coronary occlusion and that any exertion on the part of a person which occurred in his ordinary routine could not be considered unusual, and that since the decedent climbed the steps every day such climbing was a part of his usual daily routine and was therefore not unusual and the exertion caused by the climbing consequently had no relationship to the coronary occlusion.

The full board adopted the finding of facts of the single director. The single director made the following finding: "I further find that the work this man was doing, or the climbing of these steps to the locker room which was furnished by the employer, was sufficient exertion to start in motion and aggravate his pre-existing condition of a heart ailment and did precipitate the thing which finally produced his death."

The single director after narrating the medical evidence of the employer's witnesses made the following finding: "Based on all of this conflicting testimony and after a careful and painstaking study, taking into the consideration the reasonableness and the unreasonableness of the same, I find as a matter of fact that the climbing of these steps was unusual exertion to a person in this employee's diseased and weakened condition.

"I further find as a matter of fact that it was the thing which started in motion this heart attack which finally produced this employee's death."

It is contended by the employer that the single director and consequently the full board based the award on the fact that the climbing of the stairs was unusual exertion to the deceased and further contends that in such finding of fact the single di-

rector and full board agreed with the medical evidence of the employer that unusual exertion was required and that unusual exertion was not exertion which would occur in a normal daily routine, and further contend that the finding that the climbing of the stairs was unusual exertion for the decedent was unauthorized because the evidence showed that the decedent's climbing of the stairs was a part of his daily routine.

The employer in effect admits that the evidence of the claimant was sufficient to authorize a finding that the decedent's coronary occlusion was precipitated by his climbing the stairs. It contends, however, that the award was not based on the claimant's evidence but on the employer's evidence under the theory that the deceased had unusually exerted himself and that such finding was unauthorized. The employer contends that the case of *American Mutual Liability Ins. Co.* v. *Sisson*, 198 *Ga.* 623 (32 S. E. 2d 295) does not militate against it since in that case the Supreme Court in reversing the Court of Appeals merely found that the unauthorized finding of fact in the case was an *immaterial* finding whereas in the instant case the finding was a *material* finding. We cannot agree that this is the ruling in the *Sisson* case. That case held without regard to materiality that an unauthorized finding of fact will not vitiate an award if the ultimate fact is authorized by the evidence.

Assuming for the sake of argument that the employer's contention that the single director and full board agreed with the employer's medical evidence and the theory presented thereby and that the finding that the deceased had unusually exercised himself was unauthorized is correct, nevertheless under the ruling in the *Sisson* case, since the claimant's medical testimony authorized the finding that the deceased's exertion in climbing the stairs precipitated or contributed to the attack, the ultimate finding in favor of compensation was authorized.

The court did not err in sustaining the award of the full board.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*