## 41757, 41758.   SAMPLES v. ROADWAY EXPRESS, INC.;
### and vice versa.

PANNELL, Judge.   The findings and award of the Board of Workmen's Compensation were as follows: "I find as a matter of fact there was no causal connection between the death of Joseph Samples and his employment; that the only medical information we have is contained in the death certificate.   The cause of death is given as 'acute massive necrosis of liver' and 'significant' but 'not related' to terminal disease condition, 'Acute Peptic Ulcer with Surgery; acute subparenic abscess.' That both these conditions are diseases, and not considered as related to employment, without at least some evidence of causal connection.   That Samples' widow said he had never undergone surgery for his stomach condition, yet the death certificate shows 'surgery' in connection with the ulcer; that although he was under the treatment of a Dr. Moore, we have no evidence as to what was done for deceased.   That an autopsy was performed and was presumably available.   I therefore find compensation must be denied.

"Award.   Wherefore, based upon the above findings of fact, compensation is denied, and it is so ordered, this the 6th day of January, 1965."

Upon appeal the superior court ruled that the death certificate was without probative value and remanded the case to the board for further hearings and findings on the evidence in the present record, with the exception of the death certificate, and together with such additional evidence as might properly be heard.   Both the claimant and the employer entered an appeal to this court.   *Held:*

Irrespective of the correctness of the ruling as to the probative value of the death certificate, the trial court erred in reversing and remanding for further hearings and findings.   In view of the fact that the evidence amply authorized the finding that there was no causal connection between the death of Joseph Samples and his employment, such finding is conclusive and will not be reversed although the board made other findings of fact not essential to the judgment in the case and not authorized by the evidence.   *American Mut. Liab. Ins. Co. v. Sisson,* 198 Ga. 623 (32 SE2d 295).   It follows, therefore, that the judge of the superior court should have affirmed the award rather than reversing and remanding for additional findings.

Under these circumstances, the judgment of the superior court is reversed on the appeal of the employer (Case No. 41758) and affirmed on the appeal of the claimant (Case No. 41757) who alleges error solely on the ground that the evidence demanded an award in favor of the claimant.

*Judgment reversed in ·Case No. 41758 and affirmed in Case No. 41757. Felton, C. J., and Frankum, J., concur.*

ARGUED JANUARY 4, 1966—DECIDED MARCH 16, 1966—
REHEARING DENIED MARCH 28, 1966—

*Poole, Pearce & Cooper, Martin H. Rubin,* for appellant.
*Burt DeRieux, Jim Manning,* for appellee.